1  Joel A. Goodman (FL Bar No. 802468)
   Admitted *pro hac vice*
2  Email: gn.law@verizon.net
   Goodman & Nekvasil, P.A.
3  14020 Roosevelt Blvd., Suite 808
   P.O. Box 17709
4  Clearwater, Florida 33762
   Telephone:  727-524-8486
5  Facsimile:  727-524-8786

6  Cary S. Lapidus (CA Bar No. 123983)
   Email: CaryLapidus@aol.com
7  Law Offices of Cary S. Lapidus
   425 California Street, Suite 2100
8  San Francisco, CA 94104
   Telephone: (415) 296-7101
9  Facsimile: (415) 296-7821
   Local counsel
10
   Attorneys for Defendant Daniel Maria Cui
11

12              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
13

14  THE O.N. EQUITY SALES COMPANY,          )  Case No. C 07-02844 JSW
                                            )
15              Plaintiff,                  )
                                            )
16        v.                                )  **ANSWER**
                                            )
17  DANIEL MARIA CUI,                       )
                                            )
18              Defendant.                  )
    _____)
19

20        Defendant Daniel Maria Cui, hereby answers the Complaint of The O.N. Equity Sales

21  Company ("ONESCO"), as follows:

22        1.      Without knowledge, therefore denied.

23        2.      Admitted.

24        3.      Admitted

25        4.      Admitted that personal jurisdiction exists; denied that venue is proper on the ground

26  stated.

27

28

5. Admitted that the Defendant invested in the Lancorp Financial Fund Business Trust ("Lancorp"); denied that Lancorp had no association with ONESCO, given that ONESCO's agent Gary Lancaster ("Lancaster") sold Lancorp to the Defendant.

6. Admitted with respect to the first sentence of this paragraph; denied with respect to the second sentence.

7. Without knowledge with respect to the first sentence of this paragraph and therefore denied; denied with respect to the second sentence.

8. Exhibit "A" to the Complaint speaks for itself.

9. Without knowledge and therefore denied.

10. With respect to the first and second sentences of this paragraph, Exhibit "A" to the Complaint speaks for itself. With respect to the third sentence, without knowledge regarding records that ONESCO received from the receiver and therefore denied.

11. Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely identify the risk factors listed in Exhibit "A" to the Complaint as represented to the Defendant.

12. Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely identify the risk factors listed in Exhibit "A" to the Complaint as represented to the Defendant or that the phrase "high risk" is repeated throughout Exhibit "A" to the Complaint.

13. Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely describe the Lancorp offering requirements as represented to the Defendant.

14. Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely describe the Lancorp offering requirements as represented to the Defendant.

15. Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely describe the Lancorp offering requirements as represented to the Defendant.

ANSWER    Case No. C 07-02844 JSW

16. Exhibits "B" to the Complaint speaks for itself. Denied that Defendant made a certification, and denied that the allegations of this paragraph accurately and completely describe this exhibit and the pertinent circumstances.

17. Exhibit "A" to the Complaint speaks for itself. Denied that the Defendant executed a copy of Exhibit "A." Denied that the Defendant acknowledged that a broker-dealer was not involved. Denied that the allegations of this paragraph accurately and completely describe the omissions and representations made to the Defendant.

18. Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely describe the omissions and representations made to the Defendant.

19. Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely identify the Lancorp offering requirements as represented to the Defendant.

20. With respect to the first sentence of this paragraph, denied that the alleged disclosures evidence ONESCO's lack of involvement. With respect to the second and third sentences and the interpolated quotation from Exhibit "A" to the Complaint, Exhibit "A" speaks for itself. Denied that the second and third sentences of this paragraph and the interpolated quotation accurately and completely describe the omissions and representations made to the Defendant about ONESCO and Lancaster. Denied with respect to the last sentence of this paragraph.

21. Exhibit "A" to the Complaint speaks for itself. Denied that a reader of the quoted material from Exhibit "A" should infer that a broker-dealer was not involved. Denied that the allegations of this paragraph accurately and completely describe the omissions and representations made to the Defendant about ONESCO and Lancaster.

22. Exhibit "A" to the Complaint speaks for itself. Denied that the allegations of this paragraph accurately and completely describe the Lancorp offering requirements as represented to the Defendant.

23.    Exhibit "B" to the Complaint speaks for itself.  Denied that the allegations of this paragraph accurately and completely describe the provisions of the Lancorp subscription agreement as represented to the Defendant.

24.    Exhibit "B" to the Complaint speaks for itself.  Denied that the allegations of this paragraph accurately and completely describe the provisions of the Lancorp subscription agreement as represented to the Defendant.

25.    Denied because ONESCO knew about Lancorp through its agent, Lancaster.

26.    Denied because ONESCO provided materials to Defendant through its agent, Lancaster.

27.    Denied because Defendant opened accounts and entered into contractual relationships through ONESCO's agent, Lancaster.

28.    Denied because Defendant purchased securities or investments through ONESCO's agent, Lancaster.

29.    Denied because funds were disbursed or received through ONESCO's agent, Lancaster.

30.    Exhibit "B" to the Complaint speaks for itself; denied that ONESCO has accurately and completely described the alleged event.

31.    With respect to the first sentence of this paragraph, Exhibit "B" to the Complaint speaks for itself.  Denied that the second and third sentences of this paragraph accurately and completely state the nature of the activity occurring after the execution of the Subscription Agreement and denied that this later activity was based solely on conduct pre-dating the execution of the Subscription Agreement.

32.    Admitted that Defendant filed an amended arbitration claim with other claimants against ONESCO before the National Association of Securities Dealers, Inc. ("NASD").  Denied that the allegations of this paragraph accurately and completely characterize the nature of the arbitration claims.  With respect to the last sentence of this paragraph, Exhibit "C" to the Complaint speaks for itself.

**COUNT I**

1.      Defendant realleges and incorporates the foregoing paragraphs as if fully rewritten herein.

2.      Denied because Defendant is entitled to enforce ONESCO's written arbitration agreement with the NASD.

3.      Admitted that Defendant seeks to invoke NASD Rule 10301.

4.      Admitted that an investor can compel arbitration under the conditions alleged in this paragraph; denied that an investor can compel arbitration only under the conditions alleged in this paragraph.

5.      Denied.

6.      Denied.

7.      Denied with respect to the first sentence of this paragraph; admitted with respect to the second sentence.

8.      Admitted that the allegations of this paragraph describe the relief that ONESCO seeks; denied that ONESCO is entitled to this relief.

9.      With respect to the first sentence of this paragraph, admitted that an immediate controversy exists; denied that this controversy is real or substantial.  Admitted that the second sentence describes the relief that ONESCO seeks; denied that ONESCO is entitled to this relief.

**COUNT II**

1.      Defendant realleges and incorporates the foregoing paragraphs as if fully rewritten herein.

2.      Denied.

3.      Admitted that the allegations of this paragraph describe the relief that ONESCO seeks; denied that ONESCO is entitled to this relief.

**AFFIRMATIVE DEFENSES**

1.      The disputes between the parties are arbitrable.

2.      The complaint fails to state a claim upon which relief may be granted.

3.      Venue is improper.

1

                                 Respectfully submitted,

2    DATED: June 22, 2007          GOODMAN & NEKVASIL, P.A.

3                                By:    /s/ Joel A. Goodman
                                       Joel A. Goodman

4                                       Attorney *pro hac vice*

5                                LAW OFFICES OF CARY S. LAPIDUS
                                       Cary S. Lapidus

6                                       Local counsel

7                                Attorneys for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on June 22, 2007, I electronically filed the foregoing with the Clerk of

3  the Court using the CM/ECF system which will send notification of such filing to the e-mail

4  addresses denoted on the Electronic Mail Notice List below, and I hereby certify that I have mailed

5  the foregoing via U.S. Mail to the non-CM/ECF participants indicated on the Manual Notice List

6  below.

7                                             /s/ Joel A. Goodman
                                              Joel A. Goodman
8                                             Goodman & Nekvasil, P.A.
                                              14020 Roosevelt Blvd., Suite 808
9                                             P.O. Box 17709
                                              Clearwater, Florida 33762
10                                            Telephone:  727-524-8486
                                              Facsimile:  727-524-8786
11

12  **Electronic Mail Notice List**

13  Daniel T. Balmat
    dbalmat@ssd.com
14
    Joseph Anthony Meckes
15  jmeckes@ssd.com, sfr_docket@ssd.com

16  **Manual Notice List**

17  Marion H. Little
    Michael R. Reed
18  Zeiger, Tigges & Little, LLP
    3500 Hunter Center
19  41 South High Street
    Columbus, OH 43215
20

21

22

23

24

25

26

27

28

ANSWER    Case No. C 07-02844 JSW