Joel A. Goodman (FL Bar No. 802468)
Admitted *pro hac vice*
Email: gn.law@verizon.net
Goodman & Nekvasil, P.A.
14020 Roosevelt Blvd., Suite 808
P.O. Box 17709
Clearwater, Florida 33762
Telephone:  727-524-8486
Facsimile:  727-524-8786

Cary S. Lapidus (CA Bar No. 123983)
Email: CaryLapidus@aol.com
Law Offices of Cary S. Lapidus
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 296-7101
Facsimile: (415) 296-7821
Local counsel

Attorneys for Defendant Daniel Maria Cui

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, | Case No. C 07-02844 JSW |
| Plaintiff, | |
| v. | **PARTIES' STIPULATED MOTION TO ESTABLISH DEADLINES AND EXCEED PAGE LIMITS FOR SPECIFIC MOTIONS** |
| DANIEL MARIA CUI, | |
| Defendant. | |

Defendant, Daniel Maria Cui, through his undersigned counsel, and Plaintiff, The O.N. Equity Sales Company ("ONESCO"), through its undersigned counsel, hereby submit the parties' stipulated motion to establish deadlines and exceed page limits for specific motions.

1. Unlike most other cases, the ultimate issue for resolution in this case is narrow–the "arbitrability" of Defendant's claims against Plaintiff as submitted to the arbitration panel of the National Association of Securities Dealers, Inc. ("NASD"). As such, the parties anticipate filing three primary sets of motions for this case: (1) one set by both parties relating to the preliminary issue of discovery, (2) a motion by ONESCO requesting that its motion for preliminary injunction

1 be consolidated with the final hearing on the merits, and (3) a third set by both parties relating directly to the issue of arbitrability.

2. On the issue of discovery, Plaintiff expects to file a motion for an order authorizing the parties to engage in immediate discovery on the issue of arbitrability, and Defendant expects to file a motion for protective order concerning discovery. Because these motions filed by Plaintiff and Defendant go to critical procedural aspects of this case, the parties agree that they have substantial case law and argument to present to this Court. In an effort to address both, the parties stipulate and jointly request that the Court allow the following page limits in filing their respective motions concerning discovery. Plaintiff's memorandum in support of its motion for an order authorizing the parties to engage in immediate discovery on the issue of arbitrability shall be limited to 20 pages, double-spaced, the response by Defendant thereto shall be limited to 6 pages, double-spaced, and no reply shall be filed by Plaintiff. Similarly, Defendant's memorandum in support of its motion for protective order shall also be limited to 20 pages double-spaced, Plaintiff's response thereto shall be limited to 6 pages, double-spaced, and no reply shall be filed by Defendant. The parties further stipulate that if this Court adopts these proposed page limits, they will file these discovery motions not later than 11 calendar days following the entry of the Court's order on this stipulated motion

3. On the issue of arbitrability, Plaintiff expects to file a motion for preliminary injunction, and Defendant expects to file a motion to compel arbitration. The parties have substantial case law to present to this Court on these motions. These motions are potentially dispositive of this case and are akin to a motion for summary judgment, for which the Court allows 25 pages. Accordingly, the parties stipulate and respectfully request that the parties be allowed a 25-page limit, double-spaced, for each of these motions. They further stipulate and agree that, if this Court adopts the parties' stipulation, they will file their respective motions not later than 11 calendar days following the Court's ruling on this stipulated motion.

4. The parties stipulate and agree that, if this Court adopts the parties' stipulation, ONESCO will file its motion to consolidate preliminary injunction and final hearing on the merits simultaneously with its motion for preliminary injunction.

1 | WHEREFORE, the parties jointly request that this Court adopt this joint stipulation.

2 | SO STIPULATED.

3 | Dated August 27, 2007                    GOODMAN & NEKVASIL, P.A.

By:  /s/ Joel A. Goodman
         Joel A. Goodman
         Attorney *pro hac vice* for Defendants

LAW OFFICES OF CARY S. LAPIDUS
    Cary S. Lapidus, Esq.
    Local Counsel

10 | Dated August 27, 2007                    SQUIRES, SANDERS & DEMPSEY, LLP

By:  /s/ Joseph A. Meckes
         Joseph A. Meckes, Esq.
         Daniel T. Balmat, Esq.
         Local Counsel

ZEIGER, TIGGES & LITTLE, LLP
    Marion H. Little, Jr.
    Michael R. Reed
    Attorneys *pro hac vice* for Plaintiff