1  ZEIGER, TIGGES & LITTLE LLP
   Marion H. Little, Jr., Esq. (admitted *pro hac vice*)
2  Michael R. Reed, Esq. (admitted *pro hac vice*)
   3500 Huntington Center
3  41 South High Street
   Columbus, OH 43215
4  Telephone:    (614) 365-9900
   Facsimile:    (614) 365-7900
5
   SQUIRE, SANDERS & DEMPSEY L.L.P.
6  Joseph A. Meckes (CA Bar No. 190279)
   Daniel T. Balmat (CA Bar No. 230504)
7  One Maritime Plaza, Suite 300
   San Francisco, CA 94111-3492
8  Telephone: +1.415.954.0200
   Facsimile: +1.415.393.9887
9
   Attorneys for Plaintiff
10 THE O.N. EQUITY SALES COMPANY

11 GOODMAN & NEKVASIL, P.A.
   Joel A. Goodman (admitted *pro hac vice*)
12 14020 Roosevelt Blvd., Suite 808
   P.O. Box 17709
13 Clearwater, Florida 33762
   Telephone: 727-524-8486
14 Facsimile: 727-524-8786
15
   Attorneys for Defendant
16 DANIEL MARIA CUI

17

18                    UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20
   THE O.N. EQUITY SALES COMPANY,        Civil Action No. C-07-2844 JL
21 an Ohio Corporation,
                                         **E-FILING**
22                      Plaintiff,
                                         **JOINT CASE MANAGEMENT
23      vs.                              STATEMENT**

24 DANIEL MARIA CUI, an individual,      DATE:       September 7, 2007
                                         TIME:       1:30 p.m.
25                      Defendant.       CTRM:       2, 17th Floor

26                                       **Complaint filed:**  May 31, 2007
                                         **Trial date:**       None
27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

                                    JOINT CASE MANAGEMENT STATEMENT
                                    Case No. C-07-2844 JL

1      1.    <u>Jurisdiction and Service</u>.    This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Personal jurisdiction exists and venue is also conferred under 28 U.S.C. § 1391(a) inasmuch as Defendant resides in this judicial district.  Defendant has been properly served in this case.

2.    <u>Facts</u>.

<u>Plaintiff's Position</u>: Plaintiff The O.N. Equity Sales Company ("ONESCO") filed this case seeking injunctive relief and a declaration that it has no obligation to arbitrate, before the National Association of Securities Dealers ("NASD"), the claims asserted by Defendant Daniel Maria Cui with respect to his investment in the Lancorp Financial Fund Business Trust ("Lancorp Fund").  Specifically, ONESCO contends that Defendant's claims are not arbitrable because the events giving rise his NASD claims (i.e., alleged misrepresentations or omissions that induced his decision to invest in the Lancorp Fund) occurred before Gary Lancaster, Trustee of the Lancorp Fund, became an "associated person" of ONESCO.

Lancaster served as a registered representative with ONESCO, on an independent contractor basis, only from March 23, 2004 to January 3, 2005.  Defendant executed an irrevocable subscription agreement (i.e., an irrevocable commitment to purchase) with the Lancorp Fund on or about July 30, 2003, over 8 months before Lancaster became affiliated with ONESCO. Any misrepresentations or omissions that induced Defendant's irrevocable commitment to purchase must have occurred before July 30, 2003, well before Lancaster's affiliation.  Defendant, however, disputes the operative dates of events giving rise to his claims.  Thus, ONESCO submits that the principal factual issue in dispute is whether the events giving rise to Defendant's NASD claims occurred before or during Lancaster's association with ONESCO.  ONESCO respectfully submits that Judge Walter in the *Steinke* case cited by Defendant below relied on case law where there was no dispute as to the timing of relevant events for purposes of determining an investor's "customer" status under NASD rules. Defendant has

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

JOINT CASE MANAGEMENT STATEMENT
Case No. C-07-2844 JL

1    created a dispute as to the timing issue in the case, thus discovery is necessary on this issue.

2          Defendant's Position:  Defendant states that the Lancorp investments at issue in the

3    NASD arbitration case involve recommendations and purchases after Lancaster began working

4    for ONESCO.  Defendant had in 2003 signed paperwork and sent Lancaster checks totaling

5    $32,000 to be invested in Lancorp.  These funds would be held in escrow until Lancorp became

6    operational and the investment closed.  In April 2004, after Lancaster started working for

7    ONESCO, Lancaster changed the terms and structure of the Lancorp investment and told the

8    Defendant that he needed to agree to the investment as changed or Lancaster would refund his

9    funds.  Defendant acknowledged the changes, and the investment closed in May 2004.  In a

10   companion case involving identical facts, *ONESCO v. Steinke*, 2007 WL 2421761 (C.D. Cal.

11   Aug. 27, 2007), U.S. District Court Judge John F. Walter in Los Angeles recently ruled that the

12   Lancorp investment was sold at that time in May 2004, while Lancaster worked for ONESCO.

13   Thereafter, Defendant invested additional funds in Lancorp.  Defendant alleges in his arbitration

14   claim that ONESCO failed to supervise or is responsible for these events that occurred after

15   Lancaster began working for ONESCO.  He therefore contends that his claims are arbitrable

16   under NASD rules.

17          3.     Legal Issues.

18          Plaintiff's Position:  The sole legal question presented in this case is whether Defendant's

19   NASD claims against ONESCO are arbitrable under Rule 10301(a) of the NASD Code of

20   Arbitration Procedure.   ONESCO submits that such claims are not arbitrable in light of case law

21   holding that arbitrability of claims asserted by a purported "customer" hinges on the timing of

22   events giving rise to the "customer's" NASD claims.  Such case law, including *Wheat, First*

23   *Securities, Inc. v. Green*, 993 F.2d 814 (11th Cir. 1993), holds that an investor is not entitled to

24   arbitrate his claims against a broker-dealer where such claims are premised on the investor's

25   dealings with a representative who was not associated with said broker-dealer at the time of the

26   events giving rise to the investor's claims.  This legal proposition has been adopted by every court

27   (other than Judge Walter's decision in the *Steinke* case) that has considered this issue, including

28   the Southern District of California in *Prudential Sec., Inc. v. Dusch*, 1994 WL 374425 (S.D. Cal.,

-2-

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

JOINT CASE MANAGEMENT STATEMENT
Case No. C-07-2844 JL

1   Mar. 28, 1994). *See also Hornor, Townsend & Kent, Inc. v. Hamilton*, 2004 WL 2284503 (N.D.

2   Ga., Sept. 30, 2004); *Gruntal & Co., Inc. v. Steinberg*, 854 F. Supp. 324 (D.N.J. 1994), *Gruntal &*

3   *Co., Inc. v. Steinberg*, 854 F. Supp. 324 (D.N.J. 1994); *World Group Sec. v. Ko*, 2004 1811145, at

4   *6 (N.D. Cal., Feb. 11, 2004); *Sands Bros. & Co., Ltd. v. Ettinger*, 2004 WL 541846 (S.D.N.Y.,

5   Mar. 19, 2004); *Ryan, Beck & Co. v. Fakih*, 268 F. Supp. 2d 210 (E.D.N.Y. 2003).

6         <u>Defendant's Position</u>:  Defendant states that his investment was not sold until after

7   Lancaster started working for ONESCO and that ONESCO is liable as a result of events,

8   including negligent supervision of both Lancaster and the investment transactions, occurring

9   while Lancaster started working for ONESCO.  Judge Walter in *ONESCO v. Steinke*, 2007 WL

10  2421761 (C.D. Cal. Aug. 27, 2007), recently agreed with other Lancorp investors in identical

11  circumstances that their claims are arbitrable on this basis, and this Court should reach the same

12  conclusion.  Unlike the present case, the cases cited by ONESCO generally do not involve

13  investments sold while the broker worked for the firm; to the extent these cases do involve such

14  investments, these cases found that the disputes were arbitrable.

15        4.    <u>Motions</u>:  ONESCO anticipates that it will file a motion for preliminary injunction,

16  and has filed a motion to consolidate the hearing on its motion for preliminary injunction with

17  trial on the merits, and a motion for an order authorizing the parties to engage in immediate

18  discovery.

19        Defendant anticipates that he will file a motion to compel arbitration and motion for

20  protective order.

21

22        5.    <u>Amendment of Pleadings</u>:    The parties do not anticipate a need to amend the

23  pleadings in this case.

24        6.    <u>Evidence Preservation</u>:  The parties do not anticipate any need for special evidence

25  preservation measures in this case.

26        7.    <u>Disclosures</u>:    The parties will make their initial disclosures pursuant to Rule

27  26(a)(1).

28        8.    <u>Discovery</u>:  The parties have engaged in no discovery, to date.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

A.    Plaintiff's Position On The Necessity Of Discovery:    Discovery is necessary, and should be focused upon the issue of whether Defendant's claims are subject to arbitration.  If discovery is conducted in an orderly fashion, it should be completed within 4-6 weeks.

Plaintiff will file a Motion for Preliminary Injunction.  This motion will ask, succinctly, whether Defendant's claims are arbitrable.  Accordingly, discovery on the issue of arbitrability is relevant and proper in this case.

> "[I]n a Title 9 action to compel arbitration, the discovery provisions of the Federal Rules are applicable.  Rule 26 allows discovery only of matters relevant to the controversy, and in a Title 9 action, the issue of arbitrability is a relevant and proper matter for discovery."

[Moore's Federal Practice (2d ed.) § 81.05[7] (emphasis added).]

It is hornbook law that discovery relevant to the issue of arbitrability is proper with respect to a party's motion to compel arbitration—*an action expressly governed by the Federal Arbitration Act*.  It follows that discovery on the issue of arbitrability is equally, if not more, appropriate in a preliminary injunction action, which is governed by Rule 65 of the Federal Rules of Civil Procedure.

Because the question of arbitrability often hinges on the resolution of factual disputes, courts routinely permit parties to conduct discovery on that issue, whether the action is brought pursuant to the Arbitration Act or the federal rules.  *See Investor's Capital Corp. v. Brown*, 129 F. Supp.2d 1340, 1341 (M.D. Fla. 2000) ("this Court … concludes that the Plaintiff is entitled to limited discovery *on the 'customer' issue*" for purposes of determining arbitrability under NASD rules) (emphasis added); *International Union of Electrical Radio & Machine Workers, AFL-CIO v. Westinghouse Electric Corp.*, 48 F.R.D. 298, 300-01 (S.D.N.Y. 1969) (noticed depositions relating to issue of arbitrability must proceed).

Here, discovery is both relevant and proper on the critical factual issues relevant to the question of arbitrability.  Such issues include the occurrence and timing of events giving rise to the Defendant's NASD claims, and the factual import of representations, which were made *before Lancaster's affiliation with ONESCO*.  Discovery also is relevant and proper as to the content and

-4-

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

JOINT CASE MANAGEMENT STATEMENT
Case No. C-07-2844 JL

alleged materiality of any representations made after Lancaster became affiliated with ONESCO—i.e., whether subsequent representations (if any) were new and/or materially different from those made prior to such affiliation.   Resolution of these factual issues is critical to Plaintiff's case and this Court's ultimate determination on the issue of arbitrability.

        **B.**    <u>Plaintiff's Position On Discovery Limitations</u>:  Discovery should be limited to the issue of whether Defendant's claims are subject to arbitration.  ONESCO will agree to cooperate with Defendant in conducting discovery so as to minimize expense.  Because the sole issue is whether Defendant's claims are arbitrable, discovery will be quite limited.  Once Defendant produces discoverable documents, ONESCO intends to take the deposition of Defendant and one nonparty witness (Gary Lancaster).

        **C.**    <u>Defendant's Position on Discovery</u>:  Defendant disagrees that any discovery should occur and will file a motion for protective order and motion to compel arbitration.  This Court should defer its decision whether to allow discovery until the motion for protective order, motion to compel arbitration, and ONESCO's motion for preliminary injunction are decided.  That is the precise procedure implemented by the federal district court in Los Angeles when confronted with the same discovery issue in *ONESCO v. Steinke*, C.D. Cal. Case No. CV07-3170, namely: no discovery allowed until resolution of both the investors' motion to compel arbitration and ONESCO's motion for preliminary injunction.  The court then compelled arbitration without allowing discovery.

        Costly and time-consuming discovery in court defeats the purpose of arbitration to provide a speedy and inexpensive alternative to litigation.  It violates the command of the Federal Arbitration Act ("FAA") and the Supreme Court "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 22 (1983).  ONESCO is using this court action to obtain discovery, such as depositions, that it could not obtain in arbitration.  Depositions are generally not permitted in arbitration.

        ONESCO will seek to depose the Defendant about the merits of his claims, under the guise of obtaining information about arbitrability.  ONESCO openly admits in this Scheduling

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA  90017-5554

JOINT CASE MANAGEMENT STATEMENT
Case No. C-07-2844 JL

1   Report that it wants to ask what representations were made to the Defendant and when these

2   representations were made.  The content and nature of the seller's misrepresentations, however,

3   are issues fundamental to liability in every securities fraud case.  Accordingly, ONESCO's

4   requested discovery improperly relates to the merits, not to arbitrability.  This Court is not

5   permitted to decide the merits of the Defendant's claims.

6       What counts for arbitrability purposes is that the Defendant will establish, with

7   incontrovertible supporting documentation, that events occurred while Lancaster worked for

8   ONESCO for which ONESCO can be held liable.  This Court has facts before it which are

9   sufficient for it to compel arbitration, without delay for costly discovery. If ONESCO is permitted

10  to take depositions, then the Defendant must also be permitted to take depositions of the

11  Plaintiff's personnel, and the result will be a vast expansion of the time and effort needed to

12  resolve the narrow arbitrability issue in this case.

13      The proper procedure is to determine whether the arbitrability issues can be resolved first,

14  before permitting time-consuming discovery.  *See Washington Square Sec., Inc. v. Aune*, 253 F.

15  Supp. 2d 839, 845 (W.D.N.C. 2003), *aff'd*, 385 F.3d 432 (4th Cir. 2004) ("[T]here is no need to

16  conduct any discovery, albeit limited, where it is clear that the instant dispute is, in fact,

17  arbitrable" under NASD rules.); *Investors Capital Corp. v. Rimmler*, 2001 WL 114936, at *2

18  (M.D. Fla. Feb. 5, 2001) ("[The brokerage firm's] request to conduct limited discovery on the

19  issue of arbitrability [under NASD rules] is DENIED."); *ACE Ltd. v. CIGNA Corp.*, 2001 WL

20  767015, at *5 n.2 (S.D.N.Y. July 6, 2001) ("[S]uch discovery proceedings are more appropriate

21  for evaluating the merits of the dispute (which is the arbitrator's task) than for determining the

22  arbitrability of the issue (which is our only task here).").

23      9.    Class Actions:  N/A

24      10.   Related Actions:  N/A

25      11.   Relief:   ONESCO seeks injunctive relief enjoining Defendant from proceeding

26  with his NASD arbitration action and declaratory relief that ONESCO has no obligation to

27  arbitrate Defendant's claims.  Defendant seeks an order compelling ONESCO to arbitrate his

28  claims.  No damages are requested in this case.

-6-

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA  90017-5554

JOINT CASE MANAGEMENT STATEMENT
Case No. C-07-2844 JL

12.  <u>Settlement and ADR</u>:  Because the sole issue in this case is whether Defendant's claims are arbitrable and neither party is seeking monetary relief, the parties agree there is little likelihood of settlement, and there should be no ADR in this matter (subject, of course, to Defendant's contention that his underlying claims are arbitrable under the rules of the National Association of Securities Dealers, Inc. ("NASD")).

13.  <u>Consent to Magistrate Judge For All Purposes</u>:  The parties have not agreed to refer the case to the assigned Magistrate Judge.

14.  <u>Other References</u>:  Subject, again, to Defendant's contention that his underlying claims are arbitrable under the rules of the NASD, the parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  <u>Narrowing of Issues</u>:  This case presents only one issue:  The arbitrability of Defendant's claims.  As such, ONESCO submits that expedited discovery, and an order consolidating the hearing on ONESCO's motion for preliminary injunction with trial on the merits is appropriate (and would promote judicial efficiency) in this case. Defendant believes this Court should follow Judge Walter's procedure in *ONESCO v. Steinke*, 2007 WL 2421761 (C.D. Cal. Aug. 27, 2007), and determine first whether it can resolve the Defendant's Motion to Compel Arbitration and ONESCO's Motion for Preliminary Injunction, before it considers whether to allow discovery or a trial on the merits.

16.  <u>Expedited Schedule</u>:  ONESCO believes that expedited discovery, including limited depositions, can be completed in four to six weeks, and that a consolidated hearing on ONESCO's motion for preliminary injunction and trial on the merits can be conducted within six to eight weeks.  Defendant believes that this Court has already directed the parties to agree on a briefing schedule for their motion to compel arbitration and motion for preliminary injunction. As in *ONESCO v. Steinke*, 2007 WL 2421761 (C.D. Cal. Aug. 27, 2007), the parties should notice these motions for the same day, and the Court can then expeditiously resolve these motions, which are likely to be dispositive.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

JOINT CASE MANAGEMENT STATEMENT
Case No. C-07-2844 JL

17.    Scheduling

Plaintiff's position:    Plaintiff has filed a Motion to consolidate the hearing on its anticipated motion for preliminary injunction with the trial on the merits. Given the limited nature of the issue presented, as well as the limited discovery required, this case should be ready for trial sometime in November 2007. Defendant, on the other hand, proposes the trial in July, 2008. In all likelihood that will be too late – the arbitration hearing for defendants' claims will most likely be scheduled sometime in the Spring of 2008. Accordingly, the hearing on ONESCO's motion for injunctive relief must occur sooner than July 2008.

Defendant's counsel argues that his obligations in other federal court actions filed by ONESCO would prevent him from preparing for a hearing before July 2008. Of course, counsel's workload does not excuse his obligation to timely comply with deadlines. Indeed, this basic proposition is well settled. *See, e.g., Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004); *Maryland Casualty Co. v. Connor*, 382 F.2d 13, 16-17 (10th Cir. 1967); *Pinero Schroeder v. Federal National Mortgage Association*, 574 F.2d 1117, 1118 (1st Cir. 1978) *Andrews v. Time, Inc.*, 690 F. Supp. 362, 365 (E.D. Pa. 1988). But, in any event, if Defendant's counsel truly believes his workload is too burdensome, he has no one but himself to blame.

Over the past five months, Defendant's counsel has *chosen*, apparently after various solicitation efforts, to initiate 15 different actions against ONESCO, *involving at least 55 different Claimants*, with the NASD. As part of these 15 actions, Defendant's counsel has filed no less than 25 pleadings or amended pleadings—each approximately 50 pages in length. The Claimants in these NASD actions hail from 17 different states (and, in one instance, a different country). Interestingly, in filing these actions, Defendant's counsel has chosen to join Claimants from geographically distant states in the same actions, while at the same time including Claimants from the same state in different actions. Many of these Claimants (like Plaintiff here) signed Subscription Agreements to invest in the Lancorp Fund long before Gary Lancaster became an "associated person" of ONESCO.

As a result of these filings, and in an effort to vindicate its settled right to avoid arbitrating claims it has not agreed to arbitrate, ONESCO has initiated a number of federal court actions

-8-

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

JOINT CASE MANAGEMENT STATEMENT
Case No. C-07-2844 JL

1   against various Claimants in the NASD actions. Given the inexplicable alignment of Claimants

2   *selected by Defendant's counsel*, the vast geographic diversity of their respective residences, and

3   the substantially different facts (and state laws) involved in each Claimant's purported claims

4   against ONESCO, ONESCO has been forced to bring these actions concurrently in multiple

5   districts. Defendant's counsel has elected to represent the defendants in each of these federal

6   court actions.

7       In short, Defendant's counsel was not too busy to contemporaneously initiate numerous

8   arbitration actions against ONESCO in numerous locations, in his preferred forum, albeit the

9   incorrect forum. But, now that ONESCO has chosen to protect its rights *in federal court*,

10  Defendant's counsel is suddenly too busy to timely comply with Defendant's discovery

11  obligations. There is no special exception from such obligations for attorneys who would *prefer*

12  to be in a different forum.

13      Defendant's Position:    ONESCO has filed 20 court actions around the country--in the

14  District of Arizona, Southern, Central, and Northern Districts of California, the District of

15  Colorado, the Middle and Northern Districts of Florida, the Northern District of Iowa, the Eastern

16  District of Michigan, the District of Minnesota, the District of New Jersey, the Eastern District of

17  Pennsylvania, the Southern District of Texas, the District of Vermont, the Eastern District of

18  Virginia, the Western District of Washington, and the Western District of West Virginia--to

19  enjoin investors' arbitrations relating to Lancorp, and more court actions will likely be filed.

20  Defendant's counsel has made various proposals to ONESCO to lessen expense and to simplify

21  matters by accepting service, consolidating cases, and staying some of the cases and the

22  underlying arbitrations. ONESCO has repeatedly rejected all such proposals.

23      Although Defendant's counsel has filed several arbitrations, almost all of these

24  arbitrations include multiple claimants. Many of ONESCO's separately filed court actions

25  involve investors in the same arbitration. ONESCO could easily have joined these cases together.

26  In addition, the arbitrations do not involve depositions and court appearances around the country,

27  unlike ONESCO's court actions, for which ONESCO is seeking to take depositions and most of

28  which involve single individuals or married couples.

-9-

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figeroa, 14th Floor
Los Angeles, CA 90017-5554

1    As a result solely of ONESCO's filing of 20 federal court actions around the country, with

2    more actions coming, Defendant's counsel has dozens of federal court events in ONESCO cases

3    scheduled in the next few months.  Several of these events involve in-person appearances in

4    federal courts around the country.  This list includes only events that are presently scheduled in

5    ONESCO court cases.  It does not include motions, responses, replies, depositions, discovery,

6    hearings, and trials that will be filed or ordered or become necessary in these cases.  It does not

7    include any events in the underlying ONESCO arbitrations.  It does not include any events for the

8    other cases in counsel's caseload.

9    In view of Defendant's counsel's already heavy ONESCO caseload, which will become

10   even heavier, trial cannot be completed by ONESCO's proposed deadline in November 2007.  If

11   this Court orders discovery in this case over Defendant's objection, this Court should at the

12   earliest direct the completion of discovery by March 15, 2008.  Defendant may need more time,

13   depending in part on what is ordered by the other federal courts. Given the 20 federal ONESCO

14   actions around the country, if this Court conducts a full trial, Defendant does not expect to be

15   ready for trial until, at the earliest, July 15, 2008.  This trial date may in fact need to be later,

16   depending in part on what is ordered by the other federal courts.  With respect to ONESCO's

17   assertion that the arbitration will likely be scheduled in the spring of 2008, this Court can decide

18   when it decides the motion to compel arbitration and motion for preliminary injunction whether

19   to stay the arbitration.

20   18.   Trial:   Neither party has asserted a jury demand in this case.  Plaintiff believes the

21   expected length of trial is 1 day.  Defendant believes that, if this Court requires a full trial on

22   arbitrability over Defendant's objection, this Court should reserve 2 days for trial.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

JOINT CASE MANAGEMENT STATEMENT
Case No. C-07-2844 JL

1        19.    <u>Disclosure of Non-party Interested Entities or Persons:</u>   Each party has filed the

2    "Certification of Interested Entities or Persons" required by Local Rule 3-16.

3

4                                            Respectfully submitted on behalf and with the approval of all parties,

5    Dated: August 31, 2007             ZEIGER, TIGGES & LITTLE LLP

6

7                                        By:_____/s/_____

8                                              Michael R. Reed

9                                     Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
801 South Figueroa, 14th Floor
Los Angeles, CA 90017-5554

-11-