ZEIGER, TIGGES & LITTLE LLP
Marion H. Little, Jr., Esq. (admitted *pro hac vice*)
Michael R. Reed, Esq. (admitted *pro hac vice*)
3500 Huntington Center
41 South High Street
Columbus, OH  43215
Telephone:    (614) 365-9900
Facsimile:    (614) 365-7900

SQUIRE, SANDERS & DEMPSEY L.L.P.
Joseph A. Meckes (State Bar No. 190279)
Daniel T. Balmat (State Bar No. 230504)
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492
Telephone: +1.415.954.0200
Facsimile:  +1.415.393.9887

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL MARIA CUI, an individual,<br><br>Defendant. | Civil Action No. C-07-2844 JSW (JL)<br><br>**(FILED VIA ECF/PACER)**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING WITH TRIAL ON THE MERITS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[E-Filed concurrently with [Proposed] Order]<br><br>DATE:      October 12, 2007<br>TIME:       9:00 a.m.<br>CTRM:     2, 17th floor<br><br>**Complaint filed:**  May 31, 2007<br>**Trial date:**           None |

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT that, on October 12, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jeffrey S. White, located at 450 Golden Gate Ave., Seventeenth Floor, San Francisco, California 94102, Plaintiff The O.N. Equity Sales Company ("ONESCO") will and hereby does move pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure for an order that the trial of this action on its merits be advanced and consolidated with the hearing of the Motion for Preliminary Injunction that ONESCO intends to file subsequent to the filing of this Motion.

This motion is based on the memorandum of points and authorities in support hereof, the pleadings, records and papers on file herein and such other and further evidence and argument as may be presented at or before the hearing.

Dated: September 4, 2007

Respectfully submitted,

ZEIGER, TIGGES & LITTLE LLP

By:_____/s/_____
            Michael R. Reed

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

*"The authority [to consolidate a preliminary injunction hearing with the trial on the merits] can be exercised with particular profit when it appears that a substantial part of the evidence offered on the application will be relevant to the merits and will [be] presented in such form as to qualify for admission on the trial proper. Repetition of evidence is thereby avoided."*

[Advisory Committee Notes to 1966 Amendment of Civil Rule 65(a)(2).]

This is the type of case the drafters of Rule 65(a)(2) had in mind when they acknowledged that consolidation of a preliminary injunction hearing with the final trial on the merits "can be usefully availed of in many cases." *Id.* This declaratory judgment action presents only one legal issue: Are the claims of Defendant Daniel Maria Cui ("Defendant") arbitrable in the National Association of Securities Dealers ("NASD") system, or are they not arbitrable? The evidence and arguments presented at a preliminary injunction hearing would be exactly the same as would be presented at a trial on the merits. After a reasonable period for conducting discovery, both parties will be able to fully present their evidence at one hearing on the sole issue in this case.

Courts hold that, where parties are on notice of a district court's intent to consolidate and have full opportunity to present material evidence to the court, the court has "broad discretion" to consolidate a preliminary injunction hearing with a trial on the merits. *See, e.g., Michenfelder v. Sumner*, 860 F.2d 328, 337 (9th Cir. 1988). For the reasons discussed below, the Court should find consolidation appropriate here and grant the Motion. Plaintiff submits that a 6-8 week time frame between the consolidation order and the trial on the merits will afford the parties ample time to complete discovery and prepare their cases. Consolidation will also promote judicial economy.

## II. STATEMENT OF FACTS

This case arises from Defendant's attempt to pursue claims in arbitration against ONESCO, a broker-dealer, based on his purchase of a private placement directly from the Lancorp Financial Fund Business Trust (the "Trust"), even though he executed a private placement memorandum that specifically disclaimed *any* broker-dealer involvement, let alone any

relationship with ONESCO. Further, he does so despite executing an irrevocable purchase agreement on or about July 30, 2003 – more than seven months before the Trust's purported trustee, Gary Lancaster ("Lancaster"), became affiliated with ONESCO.[1]

Faced with the possibility of arbitrating claims asserted by an individual who was never its customer, and whose relevant dealings with Lancaster occurred well before Lancaster's relationship with ONESCO, ONESCO initiated this civil action seeking a declaration that it is not obligated to arbitrate Defendant's claims and injunctive relief enjoining Defendant from proceeding with his improperly filed arbitration action.

ONESCO's Complaint for Declaratory Judgment and Injunctive Relief was filed May 31, 2007, and Defendant filed his Answer on June 22, 2007.

### III.  LAW AND DISCUSSION

**A.  Consolidation Is Appropriate In This Case, Which Presents A Single Legal Issue And Limited Factual Issues.**

Civil Rule 65(a)(2) guides the Court's determination of the instant Motion. The Rule provides in relevant part:

> Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. ...

Although the Rule itself does not spell out the types of cases suited for consolidation, courts generally find that consolidation is appropriate where, as here, an action presents limited factual issues and the facts are unlikely to change between the preliminary injunction stage and a final trial on the merits. "In appropriate cases, consolidation under Rule 65(a)(2) eliminates needless repetition of evidence that would otherwise be offered cumulatively at a preliminary injunction hearing and trial on the merits, therefore 'expedit[ing] the final disposition of the action.'" *Centennial Broadcasting, LLC v. Burns*, 2006 WL 1401490, at *2 (W.D. Va., May 19, 2006) (quoting Advisory Committee Notes to Rule 65(a)(2)).

---

[1]  The Court is respectfully referred to ONESCO's Motion for Preliminary Injunction, to be filed shortly after the filing of the instant motion, for further factual detail.

Cases such as this, in which the only issue is arbitrability of a dispute between the parties, are especially suited for consolidation, as the factual issues are not extensive and the legal issue is narrow. In *Leevers v. Bilberry*, 2007 WL 315344 (M.D. Ga., Jan. 31, 2007), for example, the court consolidated a party's motion for preliminary injunctive relief to "stay" an arbitration with the final trial on the merits. *See id.* at *2 (permanently enjoining arbitration); *accord: Aircraft Braking Sys. Corp. v. Local 856, UAW*, 52 F.3d 324 (Table), 1995 WL 236678, at *10 (6th Cir. 1995) (affirming district court's consolidation of preliminary injunction motion with trial on merits in action to enjoin arbitration); *Hahnemann Univ. v. Dist. 1199C, Nat'l Union of Hospital & Health Care Employees*, 596 F. Supp. 443, 444 (E.D. Pa. 1984) (consolidating preliminary injunction and trial on merits of arbitrability issue, "since the factual basis for permanent injunctive relief would not be changed by the addition of further evidence").

ONESCO's motion for injunctive relief, filed concurrently with this Motion to Consolidate, discusses the legal issue before the Court in more detail. Briefly, this declaratory judgment action presents only the following question: Since Defendant does not have an express agreement with ONESCO to arbitrate his claims; does Rule 10301(a) of the NASD Code of Arbitration Procedure require his claims to be arbitrated? Deciding this issue will require factual inquiry into whether Defendant was a "customer" of either ONESCO or Lancaster when he executed the agreement with the Trust in July 2003, or at the time of the alleged misrepresentations that induced his execution thereof – in other words, whether Defendant was a customer "as of the time of the occurrence of events that constitute the factual predicate for the causes of action contained in the arbitration complaint." *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 820 (11th Cir. 1993). Arbitrability is to be determined by the Court upon presentation of the relatively limited evidence going to this issue. *See Sanford v. Memberworks, Inc.*, 483 F.3d. 956, 962 (9th Cir. 2007) ("[C]hallenges to the *existence* of a contract as a whole must be determined by the court … .").

### B. If The Motion Is Granted, Defendants Will Be Afforded Full Opportunity To Present Their Case At A Consolidated Hearing.

Should the Court find an expedited decision on the merits is appropriate here; its consolidation order will assure procedural due process. The United States Supreme Court has held that a district court appropriately exercises its power under Rule 65(a)(2) where: (1) the parties receive "clear and unambiguous notice" of the court's intent to consolidate the trial and the preliminary injunction hearing, such that (2) the parties will be afforded "a full opportunity to present their respective cases." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Here, the first step is easily met, as a consolidation order will put the parties on notice of the Court's intent to consolidate the preliminary injunction hearing with trial on the merits. Where advance notice is sufficient to allow discovery between the parties and presentation of evidence at the hearing, the second step is met as well. Thus, in *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988), the Ninth Circuit upheld the district court's decision to consolidate where the complaining party had the opportunity to present his case and failed to convince the court that additional evidence and preparation time could have "altered the outcome." *Id.* at 337. *Accord: Abraham Zion Corp. v. Lebow*, 761 F.2d 93, 101 (2nd Cir. 1985) (consolidation appropriately granted where party was given leave to conduct discovery and call key witnesses); *Holly Sugar Corp. v. Goshen County Coop. Beet Growers Ass'n*, 725 F.2d 564, 568 (10th Cir. 1984) (consolidation appropriate where complaining party had opportunity to call witnesses and present evidence or ask for continuance necessary for presentation of evidence).

Discovery in this matter will be focused on and limited to the issue of arbitrability. In light of the limited nature of discovery on the sole issue, only a few depositions will need to be scheduled. If the parties have 6-8 weeks between the order to consolidate and the hearing on the merits, they will have more than ample preparation time to allow the Court to dispose of this case with a single hearing.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to issue an order that the trial of this action on its merits be advanced and consolidated with the hearing of the motion for preliminary injunction.

Respectfully submitted,

Dated: September 4, 2007          ZEIGER, TIGGES & LITTLE LLP


By: _____/s/_____
          Michael R. Reed

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

SANFRANCISCO/230684.1