Westlaw.

Not Reported in F.Supp.2d                                                                                          Page 1
Not Reported in F.Supp.2d, 2001 WL 1246583 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

H
The Shaw Group, Inc. v. Triplefine Intern. Corp.
S.D.N.Y.,2001.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
THE SHAW GROUP, INC., Stone & Webster, Inc., and Stone & Webster Asia, Inc., Petitioners,
v.
TRIPLEFINE INTERNATIONAL CORPORATION, Respondent.
No. 01 CIV. 4273(LMM).

Oct. 18, 2001.

MEMORANDUM AND ORDER
MCKENNA, D.J.

1.

*1 Respondent moves for reconsideration of this Court's Memorandum and Order dated August 1, 2001 (the "Order"). The Order determined a motion made in the New York County Supreme Court by petitioners, brought on by order to show cause, prior to the removal of this case to this Court, in which petitioners sought an order
(1) permanently staying the arbitration proceeding entitled Triplefine International Corporation v. The Shaw Group Inc., Stone & Webster, Inc., Stone & Webster Asia, Inc. and Stone & Webster International Corp., received by Petitioners on April 23, 2001 and brought before the International Chamber of Commerce (the "Arbitration") with respect to Petitioners The Shaw Group, Inc. and Stone & Webster Asia, Inc. on the ground that a valid arbitration agreement was not made between Respondent and Petitioners The Shaw Group, Inc. or Stone & Webster Asia, Inc.; (2) staying the Arbitration pending resolution of this petition to stay the Arbitration as against The Shaw Group, Inc. and Stone & Webster Asia, Inc. and pending resolution of the Proof of Claim and Proof of Cure Claim filed by Respondent Triplefine International Corporation against Stone & Webster International Corporation, before the United States Bankruptcy Court for the District of Delaware in *In re Stone & Webster Incorporated, et al.*, Case No. 00-2141(RMM); [and] (3) for a trial pursuant to C.P.L.R. § 410 in the event that the Court determines factual issues exist which preclude the Court from granting the above relief[.]

(Order to Show Cause, May 14, 2001, at 2.) The Arbitration was stayed by the order to show cause pending hearing. (*Id.*)

Respondent, by its motion for reconsideration, seeks amendment of that part of the Order which permanently enjoined Respondent from arbitrating claims against The Shaw Group, Inc. and Stone & Webster Asia, Inc. Respondent seeks, in substance, a determination that the arbitration of its claims against those specific companies is preliminary only, rather than permanent, so that it can have discovery that might support an order requiring arbitration against those companies as well as against Stone & Webster, Inc.

2.

Petitioners cross-move for an order enjoining respondent from seeking to recover in the arbitration damages-including attorneys' fees and costs-alleged to have resulted from respondent's need to oppose the application of Stone & Webster, Inc. to the arbitration against it.

3.

Respondent's motion for reconsideration of the Order is granted, and, upon reconsideration, the Order is amended to the extent that the injunction against respondent's arbitration against The Shaw Group, Inc. and Stone & Webster Asia, Inc. will be preliminary only, and not permanent, in order that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT

L

Not Reported in F.Supp.2d

Page 2

Not Reported in F.Supp.2d, 2001 WL 1246583 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

the parties may conduct discovery as to the arbitrability of its claims against those two companies (but not for any other purpose). In considering the motion decided in the Order, the Court overlooked the motion's specific request for judicial resolution of any factual issues bearing on the motion, pursuant to CPLR § 410.

*2 The discovery allowed must be completed not later than February 28, 2002. Respondent is to submit, not later than March 29, 2002, in writing, any facts and/or argument in support of the proposition that its claims against The Shaw Group, Inc. and Stone & Webster Asia, Inc. are arbitrable; petitioners may have until April 30, 2002 to respond; and respondent may have until May 13, 2002 to reply.[FN1]

> FN1. These dates may be amended by written stipulation or, for cause shown, by the Magistrate Judge to whom this case will be referred.

4.

Petitioners' cross-motion seeks to bar respondent from seeking an award in its arbitration against Stone & Webster, Inc. for attorneys' fees and costs incurred in the present case (before and after removal). Petitioners urge, principally, that respondent could have made such a claim in the present case, but did not, and that respondent is accordingly barred by claim preclusion from seeking in the arbitration the attorneys' fees and costs in question. Petitioners also state:

The arbitration provision at issue simply states that all disputes between the parties arising out of the agreement shall be referred to the International Chamber of Commerce. It does not address the issue of attorneys' fees or costs but even if it did, it would not relate to this proceeding but rather to the arbitration proceeding itself.

(Pet. Mem. Sept. 24, 2001, at 1.)

The latter argument, in effect, raises the issue of the arbitrability of respondent's claim for costs and attorneys' fees incurred in the present case. That, of course, is an issue for the Court, *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir.1996), unless it can be said that "the parties themselves [have] provide[d] that the arbitrator, not the court, shall determine whether an issue is arbitrable." *Id.*

The arbitration clause in this case (Tab 1 to Ex. A to Lockhart Aff. May 14, 2001 [submitted in N.Y. Co. Supreme Court], at 6) renders arbitrable "[a]ll disputes between you and us concerning or arising out of this Agreement." It does not commit the determination whether a particular claim is arbitrable to the arbitrators.[FN2]

> FN2. *Bybyk* is not precedent for the proposition that the arbitrators should determine whether respondent's claim for attorneys' fees and costs in the present action is arbitrable. The claim for attorneys' fees at issue in *Bybyk* appears to be for attorneys' fees to be incurred in the arbitration: the application for an injunction against the arbitration of the respondents' claim for attorneys' fees was, it appears, included in the petitioner's initial special proceeding, before any attorneys' fees in the court proceedings could have been incurred by the respondents. *See* 81 F.3d at 1196-97.

Further, the arbitration clause does not provide for arbitration of such attorneys' fees and costs as petitioner may have incurred in the New York Supreme Court or this court. A claim for such fees and costs does not concern or arise out of the agreement containing the arbitration clause, but rather, it concerns and arises out of separate, if related, court proceedings.

In addition, this Court has jurisdiction, where appropriate, to award attorneys' fees and costs incurred in the present action.

For the foregoing reasons, petitioners' cross-motion for an order enjoining respondent from seeking to recover in the arbitration attorneys' fees and costs incurred in this action (whether in the New York Supreme Court or this Court) is granted.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2001 WL 1246583 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

SO ORDERED.

S.D.N.Y.,2001.
The Shaw Group, Inc. v. Triplefine Intern. Corp.
Not Reported in F.Supp.2d, 2001 WL 1246583 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.