# GOODMAN & NEKVASIL, P.A.

*Attorneys at Law*
14020 Roosevelt Blvd., Suite 808
P.O. Box 17709
Clearwater, Florida 33762

Telephone (727) 524-8486
Facsimile (727) 524-8786

*Joel A. Goodman\**
*Kalju Nekvasil\*\**

*Stephen Krosschell*
*Jennifer Newsom\*\*\**

\* Also Admitted in Massachusetts
 and Pennsylvania
\*\* Also Admitted in Louisiana
\*\*\*Also Admitted in Ohio

*SECURITIES AND COMMODITIES*
*LITIGATION AND ARBITRATION*

*INVESTOR RIGHTS*

*STOCKBROKER*
*MISCONDUCT*

October 12, 2007

Via E-filing

Magistrate Judge Maria-Elena James
U.S. District Court, Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re: <u>O.N. Equity Sales Company v. Maria Cui</u>, N.D. Cal. Case No. C 07-02844 JSW

### PARTIES' JOINT MEET AND CONFER LETTER

Dear Judge James:

Pursuant to Your Honor's Order of Reference (doc. 25) in the above-styled case, and Your Honor's Standing Order Regarding Discovery and Dispute Procedures, this letter is the parties' joint letter regarding their discovery dispute. The parties attest that, before filing this joint letter, the parties met and conferred in person for purposes of resolving the dispute and were unsuccessful.

### Nature of the Dispute

O.N. Equity Sales Company ("ONESCO") filed this action to enjoin an arbitration which Defendant Daniel Maria Cui ("Maria Cui") filed against ONESCO with the National Association of Securities Dealers, Inc. ("NASD"), relating to his investment in Lancorp Financial Fund Business Trust ("Lancorp"). The issue is whether his claims are arbitrable under NASD Rule 10301.

Gary Lancaster ("Lancaster") was formerly associated with ONESCO, and Maria Cui's NASD claims arise from Lancaster's alleged sale of Lancorp. ONESCO alleges that the factual predicate for Maria Cui's NASD claims (i.e., alleged material misrepresentations and omissions in the offer of securities by Lancorp), occurred before Gary Lancaster-the purported Trustee of Lancorp-became an associated person of ONESCO. If the factual predicate for Maria Cui's claims occurred at a time when Lancaster was not associated with ONESCO, then ONESCO could have no obligation to arbitrate claims arising therefrom. ONESCO further disputes whether Lancaster had any involvement in the alleged offer or sale of securities at issue. Again, ONESCO submits that the Court must determine who actually sold the securities in question, and who made the offer that forms the basis for Maria Cui's claims. If the answer is someone other than Lancaster, then ONESCO

Parties' Meet and Confer Letter to Judge James
ONESCO v. Maria Cui, N.D. Cal. Case No. C 07-02844 JSW
October 12, 2007
Page 2

could have no obligation to arbitrate claims arising therefrom. Maria Cui responds that he seeks to arbitrate regarding Lancaster's actions while he was an ONESCO agent. These actions included changes in the terms of the Lancorp investment, which did not close until May 2004, and requiring Maria Cui in April 2004 either to acknowledge the changes in the investment or to take back his invested funds. Maria Cui also seeks to arbitrate regarding ONESCO's failure to supervise Lancaster's actions while he was an ONESCO agent.

ONESCO now seeks in this court action to take the depositions of Maria Cui, Reese, and Lancaster. Copies of ONESCO's deposition notices are attached to this letter as Exhibit "1." Also attached to this letter as Exhibit "2" is ONESCO's First Request for Production of Documents to the Defendant. The parties dispute whether this Court should permit ONESCO in this court action to take these depositions and obtain responses to its request for documents.

### **Defendant's Position**

This case is one of 20 cases that ONESCO has filed around the country to enjoin NASD arbitration claims brought by Lancorp investors. In five of these cases, the courts have compelled arbitration without discovery, and two others have denied, pending a decision on arbitrability. ONESCO v. Steinke, ___ F. Supp. 2d ___, 2007 WL 2421761, at *2 (C.D. Cal. Aug. 27, 2007) ("The Court . . . finds that based on the extensive briefing and evidence submitted by the parties, this issue can be resolved without further discovery or an evidentiary hearing."); ONESCO v. Pals, ___ F. Supp. 2d __, 2007 WL 2506033, at *1 (N.D. Iowa Sept. 6, 2007) ("ONESCO has not shown that immediate discovery is required to determine the issue of arbitrability."); ONESCO v. Scott, Case No. 4:07cv269-RH/WCS (N.D. Fla. Sept. 9, 2007); ONESCO v. Venrick, ___ F. Supp. 2d ___, 2007 WL 2705859, at *4 (W.D. Wash. Sept. 17, 2007); ONESCO v. Robinson, 2007 WL 2840477 (E.D. Va. Sept. 27, 2007); ONESCO v. Gibson, 2007 WL 2840400 (S.D.W. Va. 2007); ONESCO v. Rahner, 2007 WL 2908297, at *1 (D. Colo. Oct. 3, 2007) (Magistrate denied discovery because the district judge would "be able to decide whether the Defendants are entitled to arbitrate under the National Association of Securities Dealers, Inc. ("NASD"), Rule 10301 without any discovery.").

Defendant disagrees with ONESCO's position that Judge White has already ruled on this issue. At that time on September 7, Defendant had not even presented his discovery motion to the court. Instead, Judge White referred all discovery issues to the magistrate, including whether to have discovery at all. Judge White referred to "discovery . . . to whatever extent, *if at all* . . . . That needs to be worked out with the magistrate."[September 7, 2007 Hearing Transcript, at 9.] "You need to meet and confer to work out a discovery schedule . . . without prejudice to . . . defendant's right to object to any particular discovery or *all discovery*. But I'm going to delegate that issue to the magistrate judge." Id. at 12. "I suggest you . . . arrange a conference with Judge James . . . . And if she says I don't see how this is relevant to arbitrability, then you've got your plan and you go from there." Id. at 17. Pursuant to Judge White's express statements, the issue whether to allow discovery

Parties' Meet and Confer Letter to Judge James
ONESCO v. Maria Cui, N.D. Cal. Case No. C 07-02844 JSW
October 12, 2007
Page 3

"at all" is squarely before this Court.

    The fact pattern in the seven cases that have already decided the issue is the same as in the present case. In all of these cases, including the present case, the initial Lancorp subscription agreements undisputedly were merely conditional and were not binding contracts, because Lancorp could cancel the investment at any time. In all of these cases, including the present case, in April 2004, while Lancaster worked for ONESCO, Lancorp investors signed reconfirmation letters sent by Lancaster in which they acknowledged the change in the Lancorp investment and confirmed that they still wanted to keep their investment. The courts have in consequence uniformly ruled that the Lancorp sales occurred in April or May 2004 when the investment closed and Lancorp became operational, while Lancaster worked for ONESCO. See Steinke, 2007 WL 2421761, at *3.

    Because these facts are undisputed and sufficient to require arbitration under NASD Rule 10301, the information which ONESCO seeks to obtain about Reese and about the initial representations to Maria Cui are irrelevant to arbitrability under NASD Rule 10301.

> [W]e are unconcerned with MONY's cornucopia of disputed facts. Instead, we focus on those facts required to satisfy . . . [the] two-part test [for arbitrability under Rule 10301]. . . . [T]he facts that matter . . . are undisputed: the Bornsteins were customers of . . . an associated person of MONY. This undisputed fact pattern is somewhat common, and the overwhelming response is that the case is subject to arbitration. More importantly, this fact pattern falls wholly within the clear language of Rules 10101 and 10301, which focus first on whether the investor is a customer, and second on whether the dispute arose in connection with the business of the member.

MONY Sec. Corp. v. Bornstein, 390 F.3d 1340, 1346 (11th Cir. 2004) (citations omitted); see also Gibson, 2007 WL 2840400, at *6 ("Because Lancaster was at all times president and CEO of Lancorp, however, this first inquiry [regarding "exactly who sold Lancorp securities to the investors"] would seem to be only collateral to the question of arbitrability.").

    The information which ONESCO seeks is not relevant to arbitrability and instead is pertinent only to the merits. This Court cannot resolve the merits of the parties' disputes in deciding arbitrability. See AT&T Tech., Inc. v. Communications Workers of Am., 475 U.S. 643, 649 (1986); Burlington N. Joint Protective Board v. Burlington Northern R.R., 822 F.2d 810, 812 (8th Cir. 1987) ("[O]rdering of discovery which . . . pertains to a matter in . . . arbitration would be inappropriate.").

    If ONESCO can take depositions, it would get discovery it could not get in the underlying arbitration. The NASD has said that "[d]epositions are strongly discouraged in arbitration." Notice to Members 99-90, 1999 WL 33176593, at *5 (NASDR Oct. 25, 1999). The substantial expense and costs caused by depositions would defeat arbitration's purpose to provide a speedy and inexpensive

Parties' Meet and Confer Letter to Judge James
<u>ONESCO v. Maria Cui</u>, N.D. Cal. Case No. C 07-02844 JSW
October 12, 2007
Page 4

alternative to litigation. Defendant would be required to take depositions of ONESCO's personnel, and the result would be a vast expansion of the time and effort needed to resolve this matter.

Defendant has much more to say about the arbitrability and discovery issues which he cannot cover in this short letter. In his other cases around the country, Defendant's counsel has filed separate memoranda on arbitrability and discovery that are up to 25 and 20 pages in length respectively. Defendant respectfully requests the same opportunity in this case.

### **ONESCO's Position**

Defendant's argument ignores one basic point: Judge White has already considered and *rejected* Defendant's position with respect to the availability of discovery in this case. Specifically, at the September 7, 2007 status conference, Defendant's counsel referred the Court to recent decisions from other district courts, advanced the very arguments advanced now, and he argued that no discovery is needed for the Court to decide the question of arbitrability because there are no disputed issues of material fact, and because this case presents only a question as to the scope of an express agreement to arbitrate, not as to the fundamental existence of such an agreement. [September 7, 2007 Hearing Transcript, at 12, 14-15.]

The Court's response to such arguments could not have been clearer: *Discovery on the issue of arbitrability will proceed*, and if Defendant has an objection to any of Plaintiff's specific requests, he is to object to that particular request in accordance with Civil Rule 26. In rejecting Defendant's arguments, the Court stated:

> But you are asking me to prejudge something-you are asking me to basically say that I should have a preliminary round of briefing on the question of discovery when *it strikes me that the way to deal with this is to have limited discovery, and if any particular discovery is deemed to be inappropriate, given what the legal issues are in the case, then Magistrate Judge James will not allow that to happen.*
>
> I don't -I don't think it's necessary at this point. *I can't say that it's inconceivable that there is absolute no discovery that is appropriate*. And I'm so sure of that, my supposition, because I did what you did for 30 some-odd years, that I'm willing to say it's not worth having a round of motions to make that determination because then what I would have to do, in effect, is go through the proposed discovery that they propose to propound to your side or you to their side, and make decisions that on a wholesale basis that is not-there is no entitlement.

Parties' Meet and Confer Letter to Judge James
<u>ONESCO v. Maria Cui</u>, N.D. Cal. Case No. C 07-02844 JSW
October 12, 2007
Page 5

> I think the best way to do this is to have briefing on-this lawsuit is about arbitrability, as far as I'm concerned, it's not about the underlying merits-<u>is to have limited discovery on the question, on issues relative to the question of arbitrability</u>. And those would be with due cognizance of what is the Court's role and what is the arbitrator's role.
>
> [Tr. at 15-16 (emphasis added).]

As a result, the Court concluded that:

> <u>[T]he parties have a right to do their discovery.</u>
>
> And if one party or the other objects to particular discovery that is being served, then they go to the magistrate judge under that magistrate judge's procedure and they seek a protective order or a motion to compel. But what I'm not going to do is anticipatorily order cross briefing-cross-motions or briefing schedules on the right to discovery. <u>I'm saying you, plaintiff, and you, the defendant, have the right after you are done today to commence discovery, period</u>.
>
> \* \* \*
>
> <u>[T]here is conceivably in a case like this going to be information such as fraud in the inducement of the agreement or other aspects that might affect arbitrability.</u> …
>
> [<u>Id.</u> at 9 (emphasis added).]

In short, the Court has already considered and *rejected* Defendant's very arguments. Discovery is to proceed, in accordance, with Judge White's order, subject to both parties' right to object to a particular discovery requests. On this point, Defendant does not identify any objections to the three witnesses who have been noticed for deposition on November 12, 13 and 15, 2007, or the limited document requests served by ONESCO on September 19, 2007.

                                        Respectfully submitted,

/s/ Marion H. Little, Jr.                       /s/ Joel A. Goodman
Marion H. Little, Jr.                               Joel A. Goodman
Counsel for Plaintiff                               Counsel for Defendant