# Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE O.N. EQUITY SALES COMPANY,

    Plaintiff,

vs.

DANIEL MARIA CUI,

    Defendant.

Case No. 3:07-cv-02844-JSW

Judge White

### PLAINTIFF THE O.N. EQUITY SALES COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DANIEL MARIA CUI

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff The O.N. Equity Sales Company requests that Defendant Daniel Maria Cui produce the following documents for inspection and copying at the offices of Zeiger, Tigges & Little LLP, 3500 Huntington Center, Columbus, Ohio 43215, within twenty-eight (28) days after receipt hereof.

For purposes of these requests, the following definitions apply:

### Definitions

1. "Daniel Maria Cui" means Defendant Daniel Maria Cui, his agents, representatives and any other person acting or purporting to act on his behalf.

2. "Lancaster" means Gary Lancaster, his agents, representatives and any other person acting or purporting to act on his behalf.

3. "Lancorp" means Lancorp Financial Fund, its predecessors, successors, past or present parent, affiliates, subsidiaries, controlled companies or divisions and any present or former officers, directors, employees, agents, representatives and any other person or persons acting or purporting to act on its behalf.

4. "Gary McDuff" means Gary McDuff, his agents, representatives and any other person acting or purporting to act on his behalf.

5. "John McDuff" means John McDuff, his agents, representatives and any other person acting or purporting to act on his behalf.

6. "Roger McDuff Evangelistic Association" means Roger McDuff Evangelistic Association, its predecessors, successors, past or present parents, affiliates, subsidiaries, controlled companies or divisions and any present or former officers, directors, employees, agents, representatives and any other person or persons acting or purporting to act on its behalf.

7. "Stan Leitner" means Stan Leitner, his agents, representatives and any other person acting or purporting to act on his behalf.

8. "Megafund" means Megafund Corporation, its predecessors, successors, past or present parents, affiliates, subsidiaries, controlled companies or divisions and any present or former officers, directors, employees, agents, representatives and any other person or persons acting or purporting to act on its behalf.

9. "Mex Bank" means Mex Bank, its predecessors, successors, past or present parents, affiliates, subsidiaries, controlled companies or divisions and any present or former officers, directors, employees, agents, representatives and any other person or persons acting or purporting to act on its behalf.

10. "ONESCO" means Plaintiff The O.N. Equity Sales Company, its predecessors, successors, past or present parents, affiliates, subsidiaries, controlled companies or divisions and any present or former officers, directors, employees, agents, representatives and any other person or persons acting or purporting to act on its behalf.

11. "People's Avenger Fund" means People's Avenger Fund, its predecessors, successors, past or present parents, affiliates, subsidiaries, controlled companies or divisions and any present or former officers, directors, employees, agents, representatives and any other person or persons acting or purporting to act on its behalf.

12. "Robert Reese & Associates" means Robert Reese & Associates, its predecessors, successors, past or present parents, affiliates, subsidiaries, controlled companies or divisions and any present or former officers, directors, employees, agents, representatives and any other person or persons acting or purporting to act on its behalf.

13. "Norman Reynolds" means Norman Reynolds, his agents, representatives and any other person acting or purporting to act on his behalf.

14. The "Trust" means the Lancorp Financial Fund Business Trust, its predecessors, successors, past or present parents, affiliates, subsidiaries, controlled companies or divisions and any present or former officers, directors, employees, agents, representatives and any other person or persons acting or purporting to act on its behalf.

15. "Brad Weaver" means Brad Weaver, his agents, representatives and any other person acting or purporting to act on his behalf.

16. The word "person(s)" means individuals and entities, including, without limitations, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and any other legal, business or governmental entity.

17. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive. The use of the words "include(s)" and "including" shall be construed to mean "without limitations."

18. The terms "you" or "your" refer to the party to whom this discovery is addressed.

>all writings; studies; analyses; tabulations; reports; reviews; agreements; contracts; communications, including intracompany communications, letters or other correspondence; messages; telegrams; telexes; cables; memoranda; records; notes; reports; summaries; sound recordings or transcripts of personal or telephone conversations; meetings; conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; accountants' work papers; drawings; graphs; charts; maps; diagrams; blueprints; tables; indices; pictures; photographs; films; phonograph records; taps; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board of directors, committee or other meetings or conferences; reports or summaries of investigations; opinions or reports or summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards and discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document, writing or other data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonable usable form, and all drafts and non-identical copies of the foregoing.

19. "Identify" means, with respect to an entity or organization, rather than an individual, to state the full name or title of the entity or organization, its principal place of business, the nature or type of entity, if known, and its principal business.

20. "Identify" means, with respect to an individual person, to state such person's full name and any nickname or aliases, his present home address, present home telephone number, present or last-known business address, job description, business telephone number, employer, title, and his position and business affiliation at the time in question.

21. "Identify" means, with respect to a document, to state the nature of document, its date, its author, the person to whom it is addressed, its title, its file number or other identifying mark or code, the subject matter of document, the location of document (by room, building, street address, city and state), the identity of custodian, whether or not it is claimed that such

4

document is privileged and, if so, the type of privilege claimed and a statement of all the circumstances on which Plaintiff will rely to support such claim of privilege.

22. The terms "relating to" or "relate to" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, comprising, mentioning, commenting upon, supporting, contradicting, concerning, or referring to the subject to topic in question, either in whole or part.

## Time Period

Unless otherwise specified herein, the period of time covered by this first request for production of documents ("the relevant period") is from September 1, 2004, to the present.

## Privileged or Proprietary Matter

If any request for documents is deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, identify in writing each document so withheld and provide the following information:

(a) the reason for withholding the document;

(b) a statement of the basis for the claim of privilege, work product or other ground of nondisclosure;

(c) a brief description of the document, including:

(i) the date of the document;

(ii) number of pages, attachments, and appendices;

(iii) the names of its author, authors or preparers and an identification by employment and title of such person;

(iv) the name of each person who was sent, shown, or received blind or carbon copies of the document, has had access to or custody of the document, together with an identification of each such person;

(v) the present custodian; and

(vi) the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

## Lost or Destroyed Documents

If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

(a) the type of document;

(b) its date;

(c) the date or approximate date it was lost, discarded or destroyed;

(d) the circumstances and manner in which it was lost, discarded or destroyed;

(e) the reason or reasons for disposing of the document (if discarded or destroyed);

(f) the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

(g) the identity of the person(s) who lost, discarded or destroyed the document; and

(h) the identity of all persons having knowledge of the contents thereof.

## Instructions

Any response to these requests shall set forth the request in full before each response. Separate responses shall be provided with respect to each request. If, after a good faith search, you conclude that there have never been documents responsive to a particular request, so state.

## DOCUMENTS REQUESTED

1. All documents sent or delivered by you or your agent to Lancaster, Lancorp, and/or the Trust, including without limitation any transmittal correspondence or other documentation reflecting the date of the sending or delivery of said document.

   **ANSWER:**

2. All documents sent or delivered by Lancaster, Lancorp, and/or the Trust to you or your agent, including without limitation any transmittal correspondence or other documentation reflecting the date of the sending or delivery of said document.

   **ANSWER:**

3.  All documents sent or delivered by you or your agent, including without limitation any transmittal correspondence or other documentation reflecting the date of the sending or delivery of said document, to any of the following:

   a. Thomas Bandick;
   b. Gary McDuff;
   c. John McDuff;
   d. The Roger McDuff Evangelistic Association;
   e. Stan Leitner;
   f. Megafund;
   g. Mex Bank;
   h. ONESCO;
   i. People's Avenger Fund;
   j. Robert Reese & Associates;
   k. Norman Reynolds;
   l. Secured Clearing; and/or
   m. Brad Weaver.

**ANSWER:**

8

4.  All documents sent or delivered by any of the following to you or your agent, including without limitation any transmittal correspondence or other documentation reflecting the date of the sending or delivery of said document:

    a.  Thomas Bandick;
    b.  Gary McDuff;
    c.  John McDuff;
    d.  The Roger McDuff Evangelistic Association;
    e.  Stan Leitner;
    f.  Megafund;
    g.  Mex Bank;
    h.  ONESCO;
    i.  People's Avenger Fund;
    j.  Robert Reese & Associates;
    k.  Norman Reynolds;
    l.  Secured Clearing; and/or
    m.  Brad Weaver.

**ANSWER:**

5. All documents regarding or relating to any of the following:

   a. Thomas Bandick;
   b. Lancaster;
   c. Lancorp;
   d. Gary McDuff;
   e. John McDuff;
   f. The Roger McDuff Evangelistic Association;
   g. Stan Leitner;
   h. Megafund;
   i. Mex Bank;
   j. ONESCO;
   k. People's Avenger Fund;
   l. Robert Reese & Associates;
   m. Norman Reynolds;
   n. Secured Clearing;
   o. the Trust; and/or
   p. Brad Weaver.

Including without limitation any of the following documents:

   a. Private Placement Memorandum
   b. Subscription Agreement and/or
   c. Documents relating to your decision to invest in the Lancorp Fund.

**ANSWER:**

6.  All documents reflecting, memorializing and/or recording communications between you and any of the following:

   a. Thomas Bandick;
   b. Lancaster;
   c. Lancorp;
   d. Gary McDuff;
   e. John McDuff;
   f. The Roger McDuff Evangelistic Association;
   g. Stan Leitner;
   h. Megafund;
   i. Mex Bank;
   j. ONESCO;
   k. People's Avenger Fund;
   l. Robert Reese & Associates;
   m. Norman Reynolds;
   n. Secured Clearing;
   o. the Trust; and/or
   p. Brad Weaver.

**ANSWER:**

Respectfully submitted,

_____
Marion H. Little, Jr. (0042679)
Michael R. Reed (0063995)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-9900
(Fax) (614) 365-7900

11

Joseph Anthony Meckes
Daniel T. Balmat
Squire Sanders & Dempsey
One Maritime Plaza Ste 300
San Francisco, CA 94111-3492
(415) 954-0200

Attorneys for Plaintiff,
The O.N. Equity Sales Company

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served by regular U.S. mail, this 19th day of September, 2007, postage prepaid, upon the following:

Joel A. Goodman
Goodman & Nekvasil, P.A.
14020 Roosevelt Blvd.
Suite 808
P.O. Box 17709
Clearwater, FL 33762

Cary Scott Lapidus
Cary S. Lapidus Law Offices
425 California Street, Suite 2100
San Francisco, CA 94104

_____
Marion H. Little, Jr. (0042679)

414-011: 179876