ZEIGER, TIGGES & LITTLE LLP
Marion H. Little, Jr., Esq. (admitted *pro hac vice*)
Michael R. Reed, Esq. (admitted *pro hac vice*)
3500 Huntington Center
41 South High Street
Columbus, OH 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900
Email: little@litohio.com

SQUIRE, SANDERS & DEMPSEY L.L.P.
Joseph A. Meckes (CA Bar No. 190279)
Daniel T. Balmat (CA Bar No. 230504)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email: jmeckes@ssd.com
dbalmat@ssd.com

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

THE O.N. EQUITY SALES COMPANY, an Ohio Corporation,

Plaintiff,

vs.

DANIEL MARIA CUI, an individual,

Defendant.

Civil Action No. C-07-2844 JSW

**E-FILING**

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S ORDER DENYING DISCOVERY**

**Complaint filed:** May 31, 2007
**Trial date:** None

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 2

II. LAW & ARGUMENT ........ 3

A. This Court Has Already Addressed The Appropriateness of Discovery On The Issue Of Arbitrability ........ 3

B. This Case Presents A Question Of Contract Existence, Not Scope ........ 4

C. The Magistrate Judge's Order Would Improperly Require The Court To Summarily Dispose Of The Arbitrability Issue On The Basis Of Defendant's Unilateral Factual Submissions ........ 6

D. The Magistrate Judge Erred In Relying Upon Recent Decisions From Other District Courts ........ 8

E. The Magistrate Judge's Decision Fails To Consider The Need To Sever Non-Arbitrable Claims ........ 9

III. CONCLUSION ........ 10



SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CA 94111-3492

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Aguirre v. Chula Vista Sanitary Service*, 542 F.2d 779 (9th Cir. 1976)........ 1, 2, 8, 9

*Bensadoun v. Jobe-Riatt*, 316 F.3d 171 (2d Cir. 2002)........ 1, 2

*BMA Financial Services, Inc. v. Guin*, 164 F. Supp. 2d 813 (W.D. La. 2001)........ 5

*California Fina Group, Inc. v. Herrin*, 379 F.3d 311 (5th Cir. 2004)........ 1, 5, 8

*Collins & Aikman Products Co. v. Building Systems, Inc.*, 58 F.3d 16 (2d Cir. 1995)........ 10

*Comer v. Micor, Inc.*, 436 F.3d 1098 (9th Cir. 2006)........ 6, 8

*Dean Witter Reynolds v. Byrd*, 470 U.S. 213 (1985)........ 10

*Garrett v. City and County of San Francisco*, 818 F.2d 1515 (9th Cir. 1987)........ 1, 7

*Goldberg v. Kelly*, 397 U.S. 254 (1970)........ 2, 8, 9

*Gruntal & Co., Inc. v. Steinberg*, 837 F. Supp. 85 (D.N.J. 1993)........ 5

*Hornor, Townsend & Kent, Inc. v. Hamilton*, Case No. 1:01-cv-02979 (N.D. Ga., Sept. 6, 2005)........ 10

*Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524 (8th Cir. 1999)........ 7

*Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983)........ 9

*MONY Sec. Corp. v. Bornstein*, 390 F.3d 1340 (11th Cir. 2004)........ 6

*ONESCO v. Pals*, 2007 WL 2506033 (N.D. Iowa Sept. 6, 2007)........ 8

*ONESCO v. Steinke*, 2007 WL 2421761 (C.D. Cal. Aug. 27, 2007)........ 8

*Paine Webber, Inc. v. Hofmann*, 984 F.2d 1372 (3d Cir. 1993)........ 9

*Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir. 1999)........ 5

*Vega v. First Federal Savings & Loan Association of Detroit*, 622 F.2d 918 (6th Cir. 1980)........ 7

*Wheat, First Sec., Inc. v. Green*, 993 F.2d 814 (11th Cir. 1993)........ 1, 5, 6, 9



SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Plaintiff The O.N. Equity Sales Company ("ONESCO") hereby objects to the Magistrate Judge's Order of October 19, 2007 (the "Magistrate's Order" or "Order"). [Docket No. 38.] ONESCO respectfully submits that the Magistrate Judge erred in concluding that the Court can decide the arbitrability of Defendant Daniel Maria Cui's claims asserted before the National Association of Securities Dealers ("NASD") without the need for any discovery. Therefore, the Court should set aside her Order denying discovery [Docket No. 32], and instead issue an order, consistent with its statements at the September 7, 2007 status conference, authorizing the parties to engage in immediate discovery on the issue of arbitrability. The grounds supporting ONESCO's objections are set forth in the attached Memorandum in Support.

Respectfully submitted,

Dated: November 2, 2007

ZEIGER, TIGGES & LITTLE LLP

By: /s/
Michael R. Reed

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

**SUMMARY OF ARGUMENT**

ONESCO objects to the Magistrate Judge's decision denying any discovery in this case because such decision would ultimately require the Court to determine the arbitrability of Defendant's NASD claims (i.e., the *existence* of an agreement to arbitrate) solely on the basis of Defendant's unilateral and conclusory factual submissions.[1] Discovery is necessary in this case so that the Court can properly consider whether an arbitration agreement even exists – a question whose answer hinges on the Court's resolution of numerous issues of disputed fact.

As explained below, several errors were committed. First, the Magistrate's Decision simply ignored this Court's prior admonition that discovery would be permitted, subject to the Magistrate Judge's consideration of specific objections to a particular aspect of discovery (i.e., an interrogatory, an area of examination, etc.). Second, the Magistrate's Decision apparently fails to consider that the question of a claimant's "customer" status under NASD rules is a question of contract *existence*, and that the existence of such a contract cannot be established solely on the basis of Defendant's unilateral submissions – rather, discovery and an evidentiary hearing are necessary. *See California Fina Group, Inc. v. Herrin*, 379 F.3d 311 (5th Cir. 2004); *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 820 (11th Cir. 1993); *Aguirre v. Chula Vista Sanitary Service*, 542 F.2d 779 (9th Cir. 1976). Finally, the Magistrate's Decision would effectively require the Court to grant a *de facto* summary judgment on the issue of arbitrability based solely on the unilateral submissions of Defendant, without providing ONESCO an opportunity to conduct discovery essential to its opposition to Defendant's motion to compel arbitration and contrary to the mandate of Civil Rule 56. *See Garrett v. City and County of San Francisco*, 818 F.2d 1515 (9th Cir. 1987); *Bensadoun v. Jobe-Riatt*, 316 F.3d 171 (2d Cir. 2002). Thus, there are multiple reasons for setting aside the Magistrate's Order.

---

[1] While the Magistrate Judge described her decision as an "Order Denying Plaintiff's Request to Engage In Immediate Discovery," such description is inaccurate. Consistent with the Court's statements at the September 7, 2007 conference, ONESCO simply served its discovery requests pursuant to the Civil Rules and the Court's standing orders. It was *Defendant* who requested an order from the Magistrate Judge precluding ONESCO from proceeding with discovery. Therefore, in reality, the Magistrate Judge's decision is akin to a protective order, granted at the request of Defendant.

## MEMORANDUM IN SUPPORT

## I. INTRODUCTION

> *"In the context of motions to compel arbitration …, the court applies a standard similar to that applicable for a motion for summary judgment. If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary."*
>
> [*Bensadoun v. Jobe-Riatt*, 316 F.3d 171, 175 (2nd Cir. 2002) (citations omitted).]

In her decision denying discovery [Docket No. 38], Magistrate Judge James concluded that "the district court can decide whether Defendants are entitled to arbitrate under the National Association of Securities Dealers, Inc., Rule 10301 without any discovery." [Order, at 2.] In doing so, the Magistrate Judge ignored *this Court's prior comments* stating that discovery relevant to the question of arbitrability is appropriate. More importantly, the Magistrate failed to consider that the question of arbitrability (and specifically, Defendants' "customer" status) under NASD Rules presents a question of contract *existence* – a question that, in this case, can be answered only after the Court resolves numerous issues of contested material fact.[2]

At this point, the only "evidence" before the Court with respect to the issue of arbitrability are Defendant's counsel's oral submissions and conclusory factual assertions *not mentioned* in his NASD Statement of Claim. Defendant certainly will offer similar submissions, and interject the testimony of a non-party, once he files his motion to compel arbitration in this case. At best, these submissions identify disputed issues of material fact that cannot be resolved without discovery and an evidentiary hearing. As the United States Supreme Court holds, "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970); *see also Aguirre v. Chula Vista Sanitary Service*, 542 F.2d 779, 781 (9th Cir. 1976) ("There is no apparent reason to deny [a party] an opportunity to present his witnesses where, as in this case, there is a sharp factual conflict, resolution of that conflict will determine the outcome, … the facts

[2] Pursuant to the Court's Civil Standing Orders, counsel for ONESCO contacted the Courtroom Deputy Clerk, and inquired as to the proper format for filing these objections to the Magistrate's Decision. The Deputy Clerk directed counsel to the local rules for the Northern District of California and stated that such objections should be filed in the form of a pleading.



SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

are simple, [and] little time would be required for an evidentiary hearing … .”). As a result, the Court should set aside the Magistrate’s Order and, as it has instructed, permit the parties to engage in immediate discovery relevant to the issue of arbitrability before considering ONESCO’s and Defendant’s competing motions on the arbitrability issue.

## II. LAW & ARGUMENT

### A. This Court Has Already Addressed The Appropriateness of Discovery On The Issue Of Arbitrability.

At the September 7, 2007 status conference in this case, Defendant’s counsel referred the Court to recent decisions from other district courts and advanced the very same arguments he advanced before Magistrate Judge James in support of his position that no discovery is needed for the Court to decide the question of arbitrability. At the September 7 conference, Defendant’s counsel argued that discovery is unnecessary because there are no disputed issues of material fact, and because this case presents only a question as to the scope of an express agreement to arbitrate, not as to the fundamental existence of such an agreement. [September 7, 2007 Hearing Transcript, at 12, 14-15 (Exh. A).]

The Court’s response to such arguments could not have been clearer: *Discovery on the issue of arbitrability will proceed*, and if Defendant has an objection to any of Plaintiff’s specific requests, he is to object to that particular request in accordance with Civil Rule 26. In rejecting Defendant’s arguments, the Court stated:

> But you are asking me to prejudge something – you are asking me to basically say that I should h`ave a preliminary round of briefing on the question of discovery when *it strikes me that the way to deal with this is to have limited discovery, and if any particular discovery is deemed to be inappropriate, given what the legal issues are in the case, then Magistrate Judge James will not allow that to happen*.
>
> I don’t –I don’t think it’s necessary at this point. *I can’t say that it’s inconceivable that there is absolutely no discovery that is appropriate.* And I’m so sure of that, my supposition, because I did what you did for 30 some-odd years, that I’m willing to say it’s not worth having a round of motions to make that determination because then what I would have to do, in effect, is go through the proposed discovery that they propose to propound to your side or you to their side, and make decisions that on a wholesale basis that

> is not – there is no entitlement.
>
> I think the best way to do this is to have briefing on – this lawsuit is about arbitrability, as far as I'm concerned, it's not about the underlying merits – *is to have limited discovery on the question, on issues relative to the question of arbitrability*. And those would be with due cognizance of what is the Court's role and what is the arbitrator's role.
>
> [Tr. at 15-16 (emphasis added).]

Moreover, the Court concluded that:

> *[T]he parties have a right to do their discovery*.
>
> And if one party or the other objects to particular discovery that is being served, then they go to the magistrate judge under that magistrate judge's procedure and they seek a protective order or a motion to compel. But what I'm not going to do is anticipatorily order cross briefing – cross-motions or briefing schedules on the right to discovery. *I'm saying you, plaintiff, and you, the defendant, have the right after you are done today to commence discovery, period*.
>
> * * *
>
> *[T]here is conceivably in a case like this going to be information such as fraud in the inducement of the agreement or other aspects that might affect arbitrability*. …
>
> [*Id.* at 9 (emphasis added).[3]]

In short, the Court has already considered and *rejected* Defendant's very arguments which now form the basis for the Magistrate Judge's order denying discovery. In sum, the Magistrate's Order is inconsistent with the Court's specific instructions regarding discovery.

**B. This Case Presents A Question Of Contract Existence, Not Scope.**

It appears that in deciding no discovery is necessary, the Magistrate Judge concluded that NASD Rule 10301 establishes the existence of an agreement to arbitrate in this case. Such a conclusion, urged by Defendant, is inaccurate. While NASD Rule 10301 may bind NASD members to arbitrate in certain circumstances, it certainly does not bind members to arbitrate all disputes with all individuals who dealt with a person who was associated with such member at

---

[3] Following this Court's instructions, ONESCO promptly served discovery requests and issued deposition notices. Defendant did not challenge any individual request; rather, he challenged ONESCO's right to conduct any discovery whatsoever.



SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

some unrelated time, regardless of whether such person was associated with the member at the time of events giving rise to the individuals' claims.

NASD Rule 10301(a) "contain[s] two prerequisites before an NASD member can be compelled to arbitrate. First, a complaining party must be a "customer" of either the NASD member or an "associated person" of that member. *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817-20 (11th Cir. 1993) (court deemed it "rudimentary" that "the first task of a court asked to compel arbitration of dispute under the NASD Rules is to determine whether the parties agreed to arbitrate"). Second, the "dispute, claim or controversy" must have arisen "in connection with the business of such member." *See, e.g., id.* at 820; *Gruntal & Co., Inc. v. Steinberg*, 837 F. Supp. 85, 92 (D.N.J. 1993) (same).

Under this two-step analysis, "customer" status is the determining factor of whether an agreement to arbitrate *exists*.[4] *The Fifth Circuit has made this clear*:

> [T]he federal policy favoring arbitration does not apply in a situation like this when a court is determining whether an agreement to arbitrate exists. Rather, it applies when a court is determining whether the dispute in question falls within the scope of the arbitration agreement already found to exist. … Thus, *until [the] court determines that the Defendant-Investors were 'customers' and are therefore entitled to invoke arbitration pursuant to [Rule 10301(a)], [the] court may not give the Defendant-Investors the benefit of the federal policy favoring arbitration*.
>
> [*California Fina Group, Inc. v. Herrin*, 379 F.3d 311, 316 n.6 (5th Cir. 2004) (quoting *BMA Financial Services, Inc. v. Guin*, 164 F. Supp. 2d 813, 818 (W.D. La. 2001)) (emphasis added).]

In short, an agreement to arbitrate does not exist unless the litigant was a "customer." *This is a factual inquiry. See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (a trial is proper, under the Federal Arbitration Act, if "the *making* of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue."). Further, no presumption in favor

---

4 The second step, whether the dispute arises in connection with the business activities, refers to the *scope* of arbitrability. Of course, if customer status is not attained, and thus no agreement to arbitrate exists, the second step of the analysis (scope) is not even reached. *See Wheat*, 993 F.2d at 820-21 (finding that because investors were not Wheat, First customers, "we do not reach the question of whether [the investors'] claims arose 'in connection with the business' " of Wheat First).

of arbitration applies. *Comer v. Micor, Inc.*, 436 F.3d 1098, 1104 n.11 (9th Cir. 2006) (When the question presented is "not whether a particular issue is arbitrable, but whether *a particular party is bound by the arbitration agreement* …, the liberal federal policy regarding the scope of arbitrable issues is inapposite.") (emphasis added).

Rather, "customer status" under the NASD Rules "must be determined as of the time of the events providing the basis for the allegations of fraud." *Wheat, First*, 993 F.2d at 820 (holding that "customer" status for purposes of arbitrability "*should be determined as of the time of the occurrence of events that constitute the factual predicate for the causes of action contained in the arbitration complaint*") (emphasis added). *See also MONY Sec. Corp. v. Bornstein*, 390 F.3d 1340 (11th Cir. 2004) (Eleventh Circuit reaffirmed that "'customer status for purpose of' the NASD is 'determined as of the time of the events providing the allegations.'").

Thus, contrary to the Magistrate's apparent conclusion, Defendant's "customer" status (i.e., the existence of an arbitration agreement) cannot be established on the basis of his unilateral submissions. Rather, this factual question must be decided only after *both* parties have had an opportunity to engage in relevant discovery and to present evidence pertinent to this fundamental issue.

**C. The Magistrate Judge's Order Would Improperly Require The Court To Summarily Dispose Of The Arbitrability Issue On The Basis Of Defendant's Unilateral Factual Submissions.**

By precluding all discovery, the Magistrate Judge's Order would effectively require the Court to decide the existence of an agreement to arbitrate in summary fashion. In other words, the Order would require the Court to grant a *de facto* summary judgment on the issue of arbitrability. The problem is that the only basis the Court has for granting a decision will be Defendant's *unilateral* factual submissions and assertions, including non-party affidavits he will undoubtedly submit that highlight "facts" not mentioned in his NASD Statement of Claim. ONESCO must be provided with an opportunity to challenge Defendant's submissions, so that it can properly respond to Defendant's anticipated Motion to Compel Arbitration.



SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Courts recognize that, "as a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) (citation omitted). *See also Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987) (summary judgment should not be granted where "a party's access to … material is of crucial importance … where the information is likely to be in the sole possession of the opposing party."); *Vega v. First Federal Savings & Loan Association of Detroit*, 622 F.2d 918, 926 (6th Cir. 1980) ("Prior to deciding such a factual issue by means of summary judgment, *a district court must provide both parties an opportunity to conduct some discovery*. . . . This opportunity for discovery is even more critical in cases such as this one where the defendant possesses all of the relevant information.").

Defendant will contend that his unilateral submissions (including an April 2004 "reconfirmation letter" he briefly mentioned in his letter to the Magistrate Judge), not mentioned in his NASD statement of claim, establish the arbitrability of his claims. In reality, however, such submissions only raise additional questions – the answers to which will prove critical to this Court's ultimate determination with respect to the existence of an agreement to arbitrate (*i.e.*, Defendant's "customer" status): (1) Who actually sold the subject securities to Defendant? Was it Gary Lancaster or a Robert Reese, who Defendant identified as having introduced him to the Lancorp Fund and an individual who was *never* associated with ONESCO? (2) What misrepresentations or omissions actually induced Defendant's purchases? and (3) When did the misrepresentations or omissions alleged by Defendant occur? Notwithstanding any after-the-fact submissions offered by Defendant, Defendant in his statement of claim identified Lancorp Fund's "offer" of securities in the form of a private placement memorandum that was unquestionably provided to Defendant prior to Lancaster's association with ONESCO [*See* Defendant's First Amended Statement of Claim, at ¶ 44 (Exh. C to Complaint).]

The answer to each of these questions is critical to the issue of arbitrability and, specifically, to Defendant's "customer" status under NASD Rule 10301. Defendant will not offer evidence, himself, with respect to these critical questions. Instead he will rely, in large part, upon

non-party affidavits from Lancaster – a person whom ONESCO has had no opportunity to cross examine. ONESCO seeks discovery of facts and information that would challenge Defendant's unilateral submissions (including the credibility of Lancaster) and, thus, would prove essential to its opposition to Defendant's anticipated Motion to Compel Arbitration. In denying ONESCO such an opportunity, the Magistrate Judge's Order runs afoul of settled law.

**D. The Magistrate Judge Erred In Relying Upon Recent Decisions From Other District Courts.**

The Magistrate Judge also erred in relying upon recent decisions from other district courts. In each of the instances cited by the Magistrate Judge, the district courts denied ONESCO the opportunity to participate in discovery and present evidence contrary to the mandate of *Goldberg* and *Aguirre, supra*, as well as basic notions of due process. Such decisions should not guide the Court's analysis here.

For instance, in *ONESCO v. Pals*, 2007 WL 2506033 (N.D. Iowa Sept. 6, 2007); and *ONESCO v. Steinke*, 2007 WL 2421761 (C.D. Cal. Aug. 27, 2007), the courts permitted the defendants to interject evidence; then accepted their unilateral evidentiary submissions at face value; refused to allow ONESCO to make any challenge to these facts, be it by discovery or an evidentiary hearing; and then answered the inherently factual question of arbitrability (i.e., the existence of an agreement to arbitrate) in favor of the defendants based upon defendants' unilateral submissions. Essentially, the courts "presumed" arbitration was appropriate – where, as described above, no presumption exists – and accepted the defendants' word for it. *See Comer*, 436 F.3d at 1104 n.11. ONESCO has appealed these decisions and has done so with the benefit of the Fifth Circuit's decision in *California Fina Group expressly holding that, "customer" status under NASD rules is a question of contract existence. Under settled law, such question is not subject to a general federal presumption in favor of arbitration – a presumption that applies only after the existence of an agreement has been established.* 379 F.3d at 316. Accordingly, these courts have erred in granting the defendants such a presumption.



SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Again, under *Wheat, First*, "customer" status and, thus, ultimately the *existence* of an agreement to arbitrate claims premised on allegations of securities fraud (as here) "*must be determined as of the time of the events providing the basis for the allegations of fraud.*" *Wheat, First*, 993 F.2d at 820. These courts were obligated to answer these questions in determining arbitrability, but in doing so they simply accepted the defendants' one-sided submissions without providing ONESCO an opportunity to conduct discovery and to challenge such submissions. This is incompatible with *Goldberg* and *Aguirre*. In determining the arbitrability of Defendant's claims, the Court must conduct its own independent analysis to determine whether the events giving rise to Defendant's claims (*i.e.*, alleged misrepresentations or omissions that induced his Lancorp Fund investment decisions) occurred before Lancaster's association with ONESCO. This issue should not be resolved upon the unilateral submissions of either party, nor should it be premised upon the characterizations of counsel. Rather, only after discovery from the parties and a proper evidentiary submission to the Court can this matter be resolved and a determination made as to whether all, some, or none of Defendant's claims are arbitrable.

**E. The Magistrate Judge's Decision Fails To Consider The Need To Sever Non-Arbitrable Claims.**

Of course, even if the Court ultimately accepts Defendant's unilateral submissions, not all of Defendant's claims would be arbitrable. Those claims based on fraud and misrepresentation in the *offer* of securities or other events occurring outside of Lancaster's association with ONESCO clearly are based on events that occurred prior to Defendant's execution of his Subscription Agreement. It is well settled that when certain claims are arbitrable but others are not, a court must sever the non-arbitrable claims before compelling arbitration. *See, e.g., Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464-65 (9th Cir. 1983) (ordering arbitration of certain claims but severing, for judicial determination, claims "that are either primarily or wholly outside the scope of the arbitration clause"); *Paine Webber, Inc. v. Hofmann*, 984 F.2d 1372, 1377 (3d Cir. 1993) (vacating and remanding the district court's order to arbitrate because the lower court was "flawed" in its "assumption that there was a single, indivisible



SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

claim.”).

As the Second Circuit stated:

> BSI contends that, because one of the claims is clearly arbitrable, and because all of the claims are related to a single set of facts, federal policy disfavors bifurcation of proceedings in which some claims are presented to arbitrators and some are decided by a court of law. This argument is frivolous. The Supreme Court has directly addressed and soundly rejected it: ‘The preeminent concern of Congress in passing the [Arbitration] Act was to enforce private agreements … and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is piecemeal litigation …’ *If some claims are non-arbitrable, while others are arbitrable, then we will sever those claims subject to arbitration from those adjudicable only in court*.
>
> [*Collins & Aikman Products Co. v. Building Systems, Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (quoting *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 221 (1985)) (emphasis added).]

Indeed, that is exactly what happened in a recent decision from the Northern District of Georgia, where the Court enjoined arbitration of some claims and permitted arbitration of another because “representations inducing” the subject investment occurred when the representative was associated with the plaintiff broker. *Hornor, Townsend & Kent, Inc. v. Hamilton*, Case No. 1:01-cv-02979, at *11 (N.D. Ga., Sept. 6, 2005) (Exh. B).

The same rule applies here. Even if the Court were to accept Defendant’s unilateral submissions and determine that *some* of Defendant’s claims are arbitrable, it must nonetheless sever and enjoin arbitration of those claims that are clearly not arbitrable in light of the timing of events giving rise to them. Discovery is necessary so that the Court can properly resolve this severability issue.

## III. CONCLUSION

For all of the reasons set forth herein, the Magistrate Judge erred in concluding that the Court can properly determine the arbitrability of Defendant’s claims without providing the parties

/ / /

/ / /

/ / /



SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

an opportunity to conduct discovery relevant to the factual issues that are fundamental to its decision. As a result, the Court should set aside the Magistrate's Decision and issue an Order authorizing the parties to engage in immediate discovery on the issue of arbitrability.

Respectfully submitted,

Dated: November 2, 2007

ZEIGER, TIGGES & LITTLE LLP

By: /s/
Michael R. Reed

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY



SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492