Pages 1 - 23

United States District Court

Northern District of California

Before The Honorable Jeffrey S. White

O.N. Equity Sales Company, )
                    )
       Plaintiff,  )
                    )
  vs.                )     No. C07-2844 JSW
                    )
                    )
Daniel Maria Cui,    )
                    )
       Defendant.  )

COPY

San Francisco, California
Friday, September 7, 2007

## Reporter's Transcript Of Proceedings

**Appearances:**

For Plaintiff:        Squire, Sanders & Dempsey, L.L.P.
                    One Maritime Plaza, Suite 300
                    San Francisco, California  94111-3492
        By:  **Daniel T. Balmat, Esquire**

                    Zeiger Tigges & Little, LLP
                    41 S. High Street, Suite 3500
                    Columbus, Ohio  43215
        By:  **Marion Homer Little, Jr., Esquire**

For Defendant:        Goodman & Nekvasil, P.A.
                    14020 Roosevelt Boulevard, Suite 808
                    Clearwater, Florida  33762
        By:  **Joel A. Goodman, Esquire**

*Reported By:*      *Sahar McVickar, RPR, CSR No. 12963*
                    *Official Reporter, U.S. District Court*
                    *For the Northern District of California*

(Computerized Transcription By Eclipse)

*Sahar McVickar, C.S.R. No. 12963, RPR*
*Official Court Reporter, U.S. District Court*
*(415) 626-6060*

EXHIBIT

A

1  <u>Friday</u>, <u>September</u> <u>7</u>, <u>2007</u>                                    <u>1:30 p.m.</u>

2                          P R O C E E D I N G S

3          **THE CLERK:**  Calling case number C-07-2844, the O.N.

4  Equity Sales Company versus Daniel Maria Cui.

5          **MR. LITTLE:**  May it please the Court, Marion Little

6  on behalf of the O.N. Equity Sales Company.

7          **MR. GOODMAN:**  Joel Goodman on behalf of the

8  defendant, Maria Cui.

9          **THE COURT:**  Welcome, Counsel.

10         Boy, this is a lot of paper to have been filed to

11  get us up to this point.  I want to start off -- I want to kind

12  of back up for a second and then get into some of the specifics

13  here.  It seems to the Court that there are two major -- the

14  parties, at least, have couched the proceedings thus far in

15  terms of two major issues.  The first and most important issue

16  is the obligation or nonobligation to arbitrate the claims.

17  The second one has to do with the right to or not having a

18  right to do discovery in the case.  And I want to deal with

19  those.  I'm going to deal with those, too.

20         But the first thing I want to -- since I want to

21  make sure that we all start off on the right foot here, is I

22  want to know, the Court issued an order regarding stipulations

23  on deadlines and page limits on August 29th which required the

24  Court to -- the parties to agree on briefing schedules with

25  respect to the motion to compel arbitration, the preliminary --

```
1   and the preliminary injunction.  So what has happened in terms
2   of -- what have the parties done to comply with the Court's
3   order?
4              MR. GOODMAN:  If I might, Your Honor, respectfully,
5   I spoke to ONESCO's client, ONESCO's counsel.  And since you
6   left it to us, I gave them the choice of being the first one to
7   file, and then we would follow pursuant to the Court's plan.
8   And Mr. Read, Mr. Little's co-counsel, then said we want to go
9   first.
10             So what was filed yesterday was the motion for
11  preliminary injunction, which was limited to the page limits
12  Your Honor had set, but it didn't give any trial date.  I did
13  want to address that.  And we followed your order as you set
14  forth.
15             So to answer you, we have agreed to follow the
16  schedule.  And the schedule, since it was filed yesterday,
17  would conclude the filing process as you've set forth by
18  October, I believe it's October now, 11, sir.
19             THE COURT:  Well, here is the -- anything you want
20  to say about that?
21             MR. LITTLE:  No, Your Honor.  The parties have, in
22  fact, have conferred to address the Court's concerns.  I
23  believe we have reached an agreement with respect to the page
24  limitations and moving forward to have these issues resolved by
25  the Court.
```

1    **THE COURT:** Well, here is the problem that I have,

2    the -- if a party before me once referred to the Court as the

3    sovereign, but I'm not.  If I were a sovereign, if I was

4    dictating the way this would work, looking at it from the

5    Court's perspective and from the -- from the party's

6    perspective would be to have essentially just have at this

7    point a briefing schedule with respect to arbitrability.

8    **MR. GOODMAN:** You set that forth in your order.

9    **THE COURT:** Right, but there is a problem with that,

10   looking at the way this has now been done in terms of this

11   motion to consolidate the preliminary injunction hearing with

12   the trial on the merits.

13   Both sides want to argue to the Court arbitrability.

14   The plaintiff has filed this lawsuit essentially for -- to get

15   a mandatory injunction to require -- or, actually, to preclude

16   arbitration, the arbitration that has already begun.  And the

17   defendants want to file a motion basically compelling the

18   plaintiffs to arbitrate.

19   It seems to me, so that both sides have a right to,

20   you know, couch that any way they want, but it seems to me that

21   we ought to have one briefing schedule with respect to that

22   issue.  And here is the problem I have with the way this has

23   been done with the motion, because if the Court grants the

24   motion to consolidate the trial on the merits with the

25   preliminary injunction, then there is going to have to be a

1  superseding, an additional briefing on -- which is essentially

2  going to be a trial brief, a brief on the merits for the trial,

3  as you would normally have on a trial on the merits to the

4  extent there is anything more to try at that point beyond the

5  preliminary injunction.

6          What I want to avoid is having two sets of briefs on

7  the same issue.  That is why I said the ideal way to do this is

8  to have the four briefs that the Court has posited under the

9  schedule that you have posited but have the motion for

10  preliminary injunction withdrawn without prejudice and just

11  have one -- four briefs on the issue of arbitrability couched

12  in any way you want.  But that way there is only one set of

13  briefs to read as opposed to the Court reading and deciding a

14  motion to consolidate followed by the preliminary injunction

15  followed by a trial brief and making findings of fact and

16  conclusions of law, as I would do at a trial.

17          I think this case is going to go off on the motion

18  to compel versus the preliminary injunction.  The Court is

19  going to decide arbitrability, that it's arbitrable or not.

20  Either way, either the arbitration that is currently been

21  commenced is going to go forward or it's not.

22          So I'm glad that the parties have complied with the

23  Court's order with respect to the briefing schedule, and I'll

24  ask you about that in a minute, but do you see my point?

25          *MR. GOODMAN:*  I do.

1     ***THE COURT:***  And so one way to do it is to withdraw

2     the motion for preliminary injunction and just have

3     cross-motions on arbitrability.

4                ***MR. GOODMAN:***  May --

5                ***MR. LITTLE:***  Well --

6                ***MR. GOODMAN:***  I didn't mean to --

7                ***THE COURT:***  Yes, go ahead.

8                ***MR. GOODMAN:***  I'm sorry.

9                If I might, Your Honor, three courts dealing with

10    the same issue as this Court has come to the same process

11    procedure as you have just said, respectfully.  And those, if I

12    could hand you this?  Judge Walter in Los Angeles Federal

13    Court; Judge Bennett in the Northern -- I believe it's in Iowa;

14    and finally, it was Judge Hinkle in the Northern District of

15    Florida, on three decisions which I've handed to you which

16    just -- one came down yesterday, the other -- the final page

17    came down today, followed that procedure.  So I not only agree

18    with it, so have other people.

19                ***THE COURT:***  All right.

20                ***MR. LITTLE:***  Your Honor, the difficulty we have is

21    that it does not allow us to make a factual submission to the

22    Court; that is, the issue of whether or not there is an

23    obligation to arbitrate here is going to turn on the timing of

24    the alleged misrepresentations and omissions.  That issue has,

25    in fact, been joined in each of the cases that counsel referred

1    to.  The difficulty is that the plaintiff, ONESCO, was not

2    permitted to take discovery.

3        This is a selling away case.  A selling away case is

4    when you have an investment representative who is conducting

5    transactions away from the broker/dealer.  So we don't have

6    first-hand knowledge as to what he or she might have done in

7    that particular context.  We, in fact, then are surprised when

8    we receive a statement of --

9        *THE COURT:*  Wait a minute.  Now you are talking

10   about a different issue.  Now you are talking about discovery.

11       *MR. LITTLE:*  That ties directly into it, Your Honor,

12   because the way the courts resolved it, as Counsel has

13   explained to you, is that they accepted a motion to compel from

14   the defendant, and in that motion to compel there was no

15   evidence offered by the defendant as to the timing of the

16   misrepresentations or omissions that induced the purchase.  Nor

17   was there any type of statement from the defendant as to the

18   materiality of anything.  Rather, what they offered was a

19   nonparty affidavit that we were not permitted to cross-examine.

20   It's like --

21       *THE COURT:*  Wait a minute, wait a minute, because

22   this gets -- I understand the two sets of issues are

23   intertwined.  And what I was going to -- put aside -- I

24   understand your point about you -- what you are just basically

25   proceeding, not just, but you are providing, essentially, an

1  additional element of the procedure, which is the element of

2  discovery so that the information that the Court receives and

3  considers on the cross-motions with regard to arbitrability

4  includes your ability to cross-examine their evidence and your

5  ability to get information from them.

6          MR. LITTLE:  That's right.  We have no objection to

7  both parties submitting evidence, as they have done in the

8  other cases.

9          THE COURT:  Here is my thought about that, and this

10  is why I don't think we -- you talk about a -- the parties talk

11  about a motion to compel discovery and propose possibly a

12  briefing schedule on a protective order with respect to

13  discovery; first of all, a protective order is not the

14  appropriate motion as far as the entitlement of discovery is

15  concerned.  That is a totally separate issue.

16          Now, here is what I think:  What I think is that,

17  first of all, the Court has referred -- although generally I do

18  most of my own discovery dispute resolution, when the parties

19  came in in the first go-round and said we are going to do all

20  this discovery, I decided the only way that this was going to

21  get done is to refer it out to a magistrate judge for discovery

22  purposes, and that's what I have now done.  It would be great

23  if you all consented to a magistrate judge for all purposes,

24  but that is a different issue.

25          So the way I view this, procedurally, is this:  We

1    are now in the Rule 26 case management conference; after the

2    conference is over, the parties -- the plaintiff has brought a

3    lawsuit against the defendant, the parties have a right to do

4    their discovery.

5         And if one party or the other objects to particular

6    discovery that is being served, then they go to the magistrate

7    judge under that magistrate judge's procedure, and they seek a

8    protective order or a motion to compel.  But what I'm not going

9    to do is anticipatorily order cross briefing -- cross-motions

10   or briefing schedules on the right to do discovery.  I'm saying

11   you, plaintiff, and you, the defendant, have the right after

12   you are done today to commence discovery, period.

13        I would prefer having a briefing schedule because it

14   would be allowed anyway under preliminary injunction request,

15   certainly under a trial on the merits, to make sure -- and if

16   you have to redo the briefing schedule that you have agreed

17   upon, that is fine, too.

18        But I would prefer that discovery is done to

19   whatever extent, if at all it's going to be done, and then all

20   the evidentiary information.  Because there is conceivably in a

21   case like this going to be information such as fraud in the

22   inducement of the agreement or other aspects that might affect

23   arbitrability.  But I think that needs to be worked out with

24   the magistrate judge.

25        So that -- once that information is then available

1    to both sides, what is to prevent the proceeding that I have

2    posited, which is four briefs on the question of arbitrability,

3    both sides submitting whatever evidence they feel is

4    appropriate to that determination?

5            MR. LITTLE:   The only issue I see, Your Honor, is I

6    think the determination on the arbitrability is going to turn

7    on a measurement of credibility, that is, what we would even as

8    part of a PI hearing would be three witnesses, two of them by

9    video deposition.   One of them would be Mr. Lancaster, the

10   investment representative who sold this product who is not a

11   resident of the State of California.   That would be by video

12   deposition.   The Court would consider that at its opportunity.

13           The second one would be with respect to a Robert

14   Rees *(phonetic)*, who is the individual who is unaffiliated with

15   our company but the one we believe who actually sold the

16   product.   If we establish that, there is no obligation to

17   arbitrate as well.   We would need Mr. Rees's deposition.   We

18   anticipate that would be by video.

19           The only live witness we would anticipate calling

20   before this Court as part of a PI hearing would be the

21   defendant himself.

22           THE COURT:   Well, you understand that in this Court,

23   both under the Federal Rules of Civil Procedure and

24   particularly under the Local Rules of this Court, absent

25   showing of extraordinary good cause you are not entitled to

```
1   have live testimony.  And in five years on the bench with all
2   the preliminary injunctions I've had I've never had one.  And
3   I've never allowed it.  I've never been reversed on that point.
4   And you have a big up-hill battle.
5           With respect to video depositions, if you want to
6   present depositions to the Court in any mode you want with your
7   papers you can submit them.  I don't know that video
8   depositions for a judge really is going to make a difference as
9   between that and doing a good job in a written deposition.
10          But I'm saying, what I'm saying -- what I hear you
11  saying is not different than what I'm saying, which is do your
12  discovery, if a party has an objection to particular discovery
13  saying they are not entitled, let's say it's you, for example,
14  the defendant, you go to the magistrate judge, he or she will
15  resolved that.  When the information is ready, you present this
16  issue to the Court for determination.  And the fact that there
17  may be an arbitration already going on is not my problem at
18  this point because I want to do this in an orderly fashion.
19          I am one of those judges that has almost 500 cases,
20  and I'm not going to spend time reading briefs I don't need to
21  read on a schedule that is an artificial schedule.
22          What is wrong with the Court's proposal now?
23          MR. LITTLE:  Your Honor, we will withdraw the motion
24  that was filed yesterday.  We will proceed with discovery.  And
25  then at the conclusion of that, we will submit the depositions
```

1  either by transcript or video as part of the four-brief

2  submission the Court has outlined.

3         THE COURT:  I will hear from you, I know you have

4  your response.

5         Just to go back, you need to meet and confer with

6  the defendants to work out a discovery schedule, discovery

7  cutoff, and a briefing schedule that incorporates that schedule

8  without prejudice to, obviously, the defendant's right to

9  object to any particular discovery or all discovery.  But I'm

10  going to delegate that issue to the magistrate judge.

11         That is going to require you to meet and confer and

12  come up with possibly a new and different schedule or an

13  expedited discovery schedule.

14         Now, I know you want to respond.  Go ahead.

15         MR. GOODMAN:  Thank you, sir.

16         Your Honor, we have a number of issues to present.

17  One would be, obviously, the motion to compel arbitration,

18  which courts, two courts, actually, now three courts have

19  already determined that the motion to compel can be decided, A,

20  on the papers, and B, absolutely without discovery.

21         Secondly, I am faced with -- I know you entered an

22  order of stipulation on page deadlines, I have the -- my

23  opposition has filed a motion to -- let me rephrase it.

24         You have a standing order that simply says, no

25  motions concerning discovery shall be filed without leave of

1    court, and then a certain procedure should be followed.  When

2    that happened, you then referred it to Magistrate Judge James,

3    and then the Magistrate Judge James has a similar procedure

4    similar to you.

5            Despite those two standing orders, what I received

6    yesterday, yesterday, was a motion for an order authorizing

7    discovery marked up for hearing on October 12th.  So a

8    discovery motion filed in opposition to Your Honor's standing

9    order and having referred to the magistrate judge was still

10   filed and marked off for hearing before you.  I'm at a bit of a

11   loss.

12           **THE COURT:**  Let's find out about that.

13           **MR. GOODMAN:**  That's a fact.  I'm sorry.

14           **THE COURT:**  Why did you file that motion?

15           **MR. LITTLE:**  So that we would have that before the

16   Court today.

17           **THE COURT:**  But wait a minute.  I have a standing

18   order that precludes filing any discovery motions without leave

19   of Court.  And, in fact, I don't even have discovery motions.

20   I have letters, and I decide these on four-page letters.  So

21   you violated my order so your motion is denied without

22   prejudice.  It's vacated, stricken from the record, as will be

23   any order, anything that you do that violates my order.  And

24   you are lucky that I'm not sanctioning you.  So that is

25   stricken from the record.

1      What is the next issue?

2          **MR. GOODMAN:**  The second issue, along with that

3    hearing was marked up, I realize it's off for October 12th,

4    along with the motion to consolidate the preliminary with a

5    final hearing is scheduled for October 12th.  I certainly had

6    planned to follow Your Honor's lead by filing in due course the

7    motion to compel following the briefing schedule and want to

8    file that as well, motion to compel arbitration, we believe,

9    based on three courts' decisions on this same issue, this

10   compelling reasons -- no pun intended -- to allow that motion.

11   Now we are back to almost square one.

12          I mean no disrespect to this Court; I find myself

13   confused.  I want to be able to -- here is the issue:  The

14   issue is is there a valid arbitration agreement, that's

15   primary.  Answer:  Absolutely there is a rule that says, yes,

16   there is.  There is no debate on the existence.  When there is

17   no debate on the existence of it, now we are into the area of

18   does the dispute fit within that arbitration agreement.

19          What we are really getting, respectfully, Your

20   Honor, is a trial on the merits of the underlying claim where

21   we -- ONESCO is basically fundamentally saying we believe all

22   the operative events happened before this broker came to our

23   firm.  The investors defendants are saying, no, they didn't.

24   We are only trying to arbitrate those events that happened

25   after he came to the firm.  That is just objective facts where

1   there is a dispute.

2           Well, here is the point, that is a matter of

3   liability, a matter of finding by the arbitrators.  And to

4   suggest now suddenly we should have discovery on something that

5   is clearly -- there is an arbitration rule agreement is

6   fundamentally, may I say, respectfully, unsound, because it

7   really is saying I can't have depositions in arbitration.  That

8   is a fact.  So let's --

9           **THE COURT:**  But you are asking me to prejudge

10  something -- you are asking me to basically say that I should

11  have a preliminary round of briefing on the question of

12  discovery when it strikes the Court that the way to deal with

13  this is to have limited discovery, and if any particular

14  discovery is deemed to be inappropriate, given what the legal

15  issues are in the case, then Magistrate Judge James will not

16  allow that to happen.

17          I don't -- I don't think it's necessary at this

18  point.  I can't say that it's inconceivable that there is

19  absolutely no discovery that is appropriate.  And I'm so sure

20  of that, my supposition, because I did what you did for 30

21  some-odd years, that I'm willing to say it's not worth having a

22  round of motions to make that determination because then what I

23  would have to do, in effect, is go through the proposed

24  discovery that they propose to propound to your side or you to

25  their side, and make decisions that on a wholesale basis that

1     is not -- there is no entitlement.

2          I think the best way to do this is to have briefing

3     on -- this lawsuit is about arbitrability, as far as I'm

4     concerned, it's not about the underlying merits -- is to have

5     limited discovery on the question, on issues relative to the

6     question of arbitrability.  And those would be with due

7     cognizance of what is the Court's role and what is the

8     arbitrator's role.

9          If they propound discovery that you feel is

10    appropriately brought up in the arbitration, then you have the

11    ability to go before Judge James.  She is very expeditious in

12    these things, especially if you have a briefing schedule you

13    have agreed to and get those resolved.

14         If it's your position in the briefing that it was --

15    it's inappropriate for the Court to consider all these

16    materials, remember, just because I allow discovery or

17    discovery is allowed by Judge James does not mean that I'm

18    going to consider any of that information.

19         *MR. GOODMAN:*  I understand.

20         *THE COURT:*  And to me, that is the most expeditious

21    way to do this.  They have offered to wisely withdraw their

22    motion and come up with a superseding -- they may be using the

23    same information supplemented with discovery or evidence, but

24    they are offering to do that, start at square one from that

25    perspective that takes you out from behind the 8-ball and come

1    up with a unified schedule that has, if there is going to be

2    discovery, the period during which it's going to be done, what

3    it's going to consist of.

4         I suggest you come up with a discovery plan, you

5    bring it before -- arrange a conference with Judge James, get

6    it all in front of her at one time.  And if she says I don't

7    see how this is relevant to arbitrability, then you've got your

8    plan and you go from there.

9         MR. GOODMAN:  May I ask the Court a question?  And

10   that is on -- obviously, from my perspective we wish to file,

11   and this is where I don't want to do anything opposite what the

12   Court wants, a motion to compel arbitration.  I am prepared to

13   file that, and I say short order.  And I don't mean to do

14   something that is contrary to your thinking.

15        I am ready to do it now, but I don't, by the same

16   token -- I assume the original schedule you issued on August 29

17   is out the door?  I'm not sure what the Court's thinking on

18   that.  I'm ready to --

19        THE COURT:  I would -- no, I would prefer doing it

20   all as one.  I would prefer getting four briefs --

21        MR. GOODMAN:  Surely.

22        THE COURT:  -- as opposed to six.

23        MR. GOODMAN:  But I'm then at the mercy, and I mean

24   this respectfully, I'm at the absolute mercy of ONESCO, who

25   would like to put off that determination until events occur

1   later in the future.  And obviously, my anxiety is to represent

2   my client.  I think there is enough there now, but I don't want

3   to --

4          **THE COURT:**  Then what you do is you file your

5   papers, you bring on an administrative motion for an order

6   shortening time to hear the matter sooner rather than later and

7   get this matter before me, you know, under the procedures that

8   I mentioned, your motion to compel arbitration, their motion

9   for preliminary injunction, file a motion to advance it for --

10  an order shortening time.

11         And that is a matter of, as onerous as it may be,

12  sitting down in a meeting face-to-face with your opponent and

13  coming up with an integrated schedule, getting the discovery

14  portion approved or not by Judge James, and then moving this

15  thing along.  It will all be decided.  You will walk out of

16  here, maybe not on that day, but the day of the hearing,

17  knowing whether this case is going to be arbitrated.

18         **MR. GOODMAN:**  Again, this is to get a read from the

19  Court; may I then file the motion and the hearing on it will be

20  determined at a later time?

21         **THE COURT:**  No.  I want it to be done pursuant to an

22  integrated briefing schedule.

23         **MR. GOODMAN:**  If we cannot reach an agreement with

24  the administrative --

25         **THE COURT:**  Exactly.  But I expect the parties to

1  come up with an agreement.  I'm going to be not pleased if you

2  can't agree on -- again, this is analogous to the case you may

3  have heard just before yours of having cross-motions for

4  summary judgment because you are going to be briefing not

5  completely but largely the same issue on arbitrability.

6           I want one set of briefs.  They may be filing

7  evidence, you may be objecting to evidence and just filing on

8  the law, that is fine, but I want to do it all at one time on

9  one date.

10          **MR. LITTLE:**  Your Honor, I don't anticipate any

11  problems with the dates.  Although we are opponents, we have

12  worked together in other cases in scheduling dates that are

13  mutually convenient for all parties.

14          We are prepared to do this on an expedited basis, we

15  asked for preliminary injunction, so by definition we are

16  prepared to move forward as quickly as possible.

17          **THE COURT:**  That is why I thought the motion to

18  consolidate with a trial on the merits was almost superfluous

19  and, as an aside, annoying, quite frankly, because it required

20  extra briefing, superseding briefing.

21          If they hadn't even filed a motion to compel

22  arbitration, if you won on your motion for preliminary

23  injunction, we all know it's ballgame over because the

24  arbitration -- the arbitrable forum takes on a life of its own.

25  And they do whatever they want.  Unless some court tells them

1    to stop, they'll just go.  Usually it's ballgame over at that

2    point.

3            I expect the two of you to get together, get in a

4    room, hammer out a schedule without prejudice to your ability

5    to object to a particular discovery.  Get a discovery plan.

6    Get -- arrange a conference with Judge James, and you can

7    indicate that it was at the direction of the District Court,

8    for her to approve of the discovery plan.  And then come up

9    with an expedited schedule with four briefs.

10           You all can decide who opens first.  I don't really

11   care.  It's not going to give you any leg up one way or the

12   other.

13           MR. GOODMAN:  The only thing, the motion to

14   consolidate the preliminary with the final hearing for October

15   the 12th --

16           THE COURT:  That is vacated.

17           MR. GOODMAN:  Thank you.

18           Not that I don't enjoy coming to --

19           MR. LITTLE:  Would the Court's preference be that we

20   would simultaneously file briefs?  We would file our motion for

21   preliminary injunction on Monday and he files a motion to

22   compel on Monday and then we each have a memo -- without the

23   necessity for a reply brief?

24           THE COURT:  No, no, that's not the way.

25           MR. GOODMAN:  I think you want to follow the format.

```
 1          THE COURT:  Follow the procedure in my order, which
 2   is basically one party files the opening brief, the other
 3   parties -- let's say you file your motion for preliminary
 4   injunction, they file a response and a motion to compel
 5   arbitration.
 6          MR. GOODMAN:  Right.
 7          THE COURT:  You then file a -- just like that.  So
 8   it's four briefs --
 9          MR. LITTLE:  Fine.
10          THE COURT:  -- as opposed to six.
11          MR. LITTLE:  I was just trying to simplify it, but
12   we are happy with that approach.
13          THE COURT:  You've got your task cut out for you.  I
14   expect you to, even though you are advocates representing each
15   side, I expect you to partner with each other and the Court for
16   the purpose of moving this case to where you can get a
17   resolution.  And fight where it's appropriate to fight, but not
18   with this Court.
19          Yes, Ms. Ottolini?
20          THE CLERK:  I just want to be clear because I'm not
21   at the moment, everything that was set for October 12th --
22          THE COURT:  Is vacated, yes, because we need more
23   time to get this thing sorted out.
24          MR. GOODMAN:  And in essence, after we work with Her
25   Honor, Judge James, we would be giving the court some kind of,
```

1   for lack of a better word, case management scheduling --

2              THE COURT:  Yes.

3              MR. GOODMAN:  -- report.

4              THE COURT:  Yes.

5              MR. GOODMAN:  Makes sense.

6              THE COURT:  Excuse me.

7              The only thing that I require is that there be a

8   two-week lag between your last brief and the hearing.

9              MR. GOODMAN:  Sure.

10              THE COURT:  I want two weeks to consider the

11   submissions.  So you have your schedule, and your last brief is

12   due on date A, two weeks after A is when I'm going to have the

13   hearing, no sooner, all right?

14              You've got your work cut out.  Thank you, gentleman.

15              MR. GOODMAN:  Hopefully those cases --

16              THE COURT:  I will certainly review those.  Thank

17   you.

18              MR. LITTLE:  Thank you.

19                    (Proceedings adjourned at 2:10 p.m.)

20

21                         ---o0o---

22

23

24

25

## CERTIFICATE OF REPORTER

I, Sahar McVickar, Official Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.  The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

Sahar McVickar, RPR, CSR No. 12963

September 12, 2007