NASD
LETTER OF ACCEPTANCE, WAIVER AND CONSENT
NO. 20050034080-01



To:   Department of Enforcement
      NASD

Re:   Gary L. Lancaster
      Investment Company/Variable Contracts Representative
      (CRD No. 2730640)

Pursuant to Rule 9216 of NASD Code of Procedure, I, Gary L. Lancaster, submit this Letter of Acceptance, Waiver and Consent (AWC) for the purpose of proposing a settlement of the alleged rule violations described in Part II below. This AWC is submitted on the condition that, if accepted, NASD will not bring any future actions against me alleging violations based on the same factual findings.

I understand that:

1.  Submission of this AWC is voluntary and will not resolve this matter unless and until it has been reviewed and accepted by NASD's Department of Enforcement and National Adjudicatory Council (NAC) Review Subcommittee or Office of Disciplinary Affairs (ODA), pursuant to NASD Procedural Rule 9216;

2.  If this AWC is not accepted, its submission will not be used as evidence to prove any of the allegations against me; and

3.  If accepted:

    a.   this AWC will become part of my permanent disciplinary record and may be considered in any future actions brought by NASD or any other regulator against me;

    b.   this AWC will be made available through NASD's public disclosure program in response to public inquiries about my disciplinary record;

    c.   NASD may make a public announcement concerning this agreement and the subject matter thereof in accordance with NASD Rule 8310 and IM-8310-2; and

    d.   I may not take any action or make or permit to be made any public statement, including in regulatory filings or otherwise, denying, directly or indirectly, any finding in this AWC or create the impression that the AWC is without factual basis. Nothing in this provision affects my testimonial obligations or right to take legal or factual positions in litigation or other legal proceedings in which NASD is not a party.

EXHIBIT
C

Letter of Acceptance, Waiver and Consent No. 20050034080-01
Department of Enforcement v. Gary L. Lancaster
Page 2

I also understand that my experience in the securities industry and disciplinary history may be factors that will be considered in deciding whether to accept this AWC. That experience and history are as follows:

> Lancaster entered the securities industry in June 1996. From March 23, 2004 through January 3, 2005, Lancaster was associated with NASD member The O.N. Equity Sales Company (O.N. Equity) and was registered with NASD as an investment company/variable contracts representative.
>
> Lancaster is not currently associated with any NASD member or registered with NASD in any capacity. However, NASD retains jurisdiction over Lancaster pursuant to Article V, Section 4 of the NASD By-Laws. Lancaster has not been the subject of prior disciplinary history by NASD.

## I. WAIVER OF PROCEDURAL RIGHTS

I specifically and voluntarily waive the following rights granted under NASD's Code of Procedure:

A.  To have a Formal Complaint issued specifying the allegations against me;

B.  To be notified of the Formal Complaint and have the opportunity to answer the allegations in writing;

C.  To defend against the allegations in a disciplinary hearing before a hearing panel, to have a written record of the hearing made and to have a written decision issued; and

D.  To appeal any such decision to the NAC and then to the U.S. Securities and Exchange Commission and a U.S. Court of Appeals.

Further, I specifically and voluntarily waive any right to claim bias or prejudgment of the General Counsel, the NAC, or any member of the NAC, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including acceptance or rejection of this AWC.

In addition, I specifically and voluntarily waive any right to claim that a person violated the ex parte prohibitions of NASD Procedural Rule 9143 or the separation of functions prohibitions of NASD Procedural Rule 9144, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

Letter of Acceptance, Waiver and Consent No. 20050034080-01
Department of Enforcement v. Gary L. Lancaster
Page 3

## II. ACCEPTANCE AND CONSENT

A.  I hereby accept and consent, without admitting or denying the findings, and solely for the purposes of this proceeding and any other proceeding brought by or on behalf of NASD, or to which NASD is a party, prior to a hearing and without an adjudication of any issue of law or fact, to the entry of the following findings by NASD:

### Private Securities Transactions
### NASD Conduct Rules 2110 and 3040

1.  From March 23, 2004 through January 3, 2005, Lancaster participated in the sales of $4,842,791.17 worth of shares of Lancorp Financial Fund Business Trust through a private placement memorandum. Lancaster participated in 80 such securities transactions involving 44 customers. Details on these transactions are as follows:

| Number of Customers | Customer(s) | Date of Transaction | Transaction Amount |
|---|---|---|---|
| 1 | A.A. | 5/24/2004 | $60,000 |
| 2 | B.A. | 6/10/2004 | $35,000 |
|   | B.A. | 6/23/2004 | $35,000 |
| 3 | T.B. | 4/23/2004 | $25,000 |
|   | T.B. | 6/29/2004 | $125,000 |
| 4 | B.B. | 6/18/2004 | $25,000 |
|   | B.B. | 11/26/2004 | $50,000 |
| 5 | M.B. | 7/6/2004 | $200,000 |
| 6 | R.B. | 4/22/2004 | $150,000 |
| 7 | C.C. | 6/7/2004 | $50,000 |
|   | C.C. | 7/9/2004 | $175,000 |
|   | C.C. | 10/4/2004 | $150,000 |
|   | C.C. | 11/5/2004 | $129,693.46 |
|   | C.C. | 12/29/2004 | $897.87 |
| 8 | J.C. | 7/2/2004 | $30,000 |
| 9 | L.D. | 3/29/2004 | $50,000 |
|   | L.D. | 7/15/2004 | $50,000 |
|   | L.D. | 11/8/2004 | $45,000 |
|   | L.D. | 11/8/2004 | $55,000 |
| 10 | T.F. | 6/21/2004 | $25,000 |
| 11 | B.G. | 3/29/2004 | $25,000 |
|    | B.G. | 11/26/2004 | $100,000 |
| 13 | I.G. | 5/24/2004 | $25,000 |
|    | I.G. | 11/10/2004 | $25,000 |

Letter of Acceptance, Waiver and Consent No. 20050034080-01
Department of Enforcement v. Gary L. Lancaster
Page 4

| Number of Customers | Customer(s) | Date of Transaction | Transaction Amount |
|---|---|---|---|
| 14 | L.&P.G. | 9/13/2004 | $30,000 |
| 15 | M.&M.G. | 8/25/2004 | $25,000 |
| 16 | S.H. | 10/21/2004 | $25,000 |
| 17 | B.H. | 4/12/2004 | $25,000 |
|  | B.H. | 7/20/2004 | $25,000 |
|  | B.H. | 11/24/2004 | $40,000 |
| 18 | S.H. | 4/2/2004 | $90,000 |
|  | S.H. | 9/13/2004 | $33,000 |
| 19 | J.&C.K. | 9/20/2004 | $35,000 |
| 20 | D.K. | 8/3/2004 | $195,000 |
| 21 | S.K. | 11/10/2004 | $40,000 |
| 22 | R.L. | 8/26/2004 | $50,000 |
| 23 | R.M. | 5/4/2004 | $10,000 |
|  | R.M. | 5/6/2004 | $15,010 |
|  | R.M | 9/20/2004 | $25,000 |
| 24 | L.M. | 6/7/2004 | $25,000 |
| 25 | C.P. | 4/30/2004 | $75,000 |
| 26 | H.P. | 5/20/2004 | $37,000 |
|  | H.P. | 7/13/2004 | $143,000 |
|  | H.P. | 7/27/2004 | $60,000 |
|  | H.P. | 10/20/2004 | $20,000 |
|  | H.P. | 11/24/2004 | $35,000 |
| 27 | D.P. | 5/28/2004 | $50,000 |
| 28 | A.&R.P. | 9/13/2004 | $25,000 |
| 29 | J.P. | 5/14/2004 | $60,000 |
| 30 | N.&C.P. | 6/10/2004 | $10,000 |
|  | N.&C.P. | 7/27/2004 | $15,000 |
|  | N.&C.P. | 9/23/2004 | $10,000 |
|  | N.&C.P. | 11/15/2004 | $15,000 |
| 31 | M.&L.R. | 5/4/2004 | $25,000 |
|  | L.R. | 5/10/2004 | $10,000 |
|  | M.Ra. | 7/19/2004 | $75,000 |
|  | M.Ra. | 8/5/2004 | $25,000 |
|  | M.Ra. | 10/25/2004 | $125,000 |
|  | M.Ra. | 11/10/2004 | $125,000 |
| 32 | M.Ro. | 7/6/2004 | $50,000 |
| 33 | T.R. | 12/20/2004 | $75,000 |
| 34 | C.S. | 12/22/2004 | $75,000 |
| 35 | M.S | 8/30/2004 | $40,000 |



Letter of Acceptance, Waiver and Consent No. 20050034080-01
Department of Enforcement v. Gary L. Lancaster
Page 5

| Number of Customers | Customer(s) | Date of Transaction | Transaction Amount |
|---|---|---|---|
| 36 | R.S. | 5/3/2004 | $100,000 |
|  | R.S. | 11/8/2004 | $10,000 |
| 37 | D.S. | 4/5/2004 | $25,000 |
| 38 | J.T. | 6/18/2004 | $100,000 |
|  | J.T. | 7/15/2004 | $50,000 |
|  | J.T. | 10/29/2004 | $100,000 |
|  | J.T. | 11/2/2004 | $50,000 |
| 39 | F.T. | 4/30/2004 | $25,000 |
| 40 | D.V. | 4/7/2004 | $200,000 |
|  | D.V. | 9/13/2004 | $387.57 |
|  | D.V. | 9/30/2004 | $200,000 |
| 41 | J.&D.V. | 4/19/2004 | $100,000 |
| 42 | B.W. | 4/13/2004 | $100,000 |
|  | B.W. | 6/3/2004 | $100,000 |
|  | B.W. | 6/3/2004 | $100,000 |
| 43 | S.W. | 6/10/2004 | $25,000 |
| 44 | P.W. | 10/1/2004 | $48,802.27 |
|  |  | TOTAL | $4,842,791.17 |

2. Lancaster failed to provide written notice of his participation in these securities transactions to O.N. Equity.

3. Through this conduct, Lancaster violated NASD Conduct Rules 3040 and 2110.

B. Lancaster also consents to the imposition, at a maximum, of the following sanctions:

1. a bar from association with any NASD member in any capacity.

The sanctions imposed herein shall be effective on a date set by NASD staff. Pursuant to IM-8310-2(f), a bar or expulsion shall become effective upon approval or acceptance of this AWC by the NAC.

Letter of Acceptance, Waiver and Consent No. 20050034080-01
Department of Enforcement v. Gary L. Lancaster
Page 6

### III. OTHER MATTERS

A.    I understand that if I am barred or suspended from association with any NASD member, I become subject to a statutory disqualification as that term is defined in Section 3(a)(39) of the Securities Exchange Act of 1934, as amended. Accordingly, I may not be associated with any NASD member in any capacity, including clerical or ministerial functions, during the period of the bar or suspension (See NASD Procedural Rule 8310 and IM-8310-1).

I certify that I have read and understand all of the provisions of this AWC and have been given a full opportunity to ask questions about it, and that no offer, threat, inducement, or promise of any kind, other than the terms set forth herein, has been made to induce me to submit it.

_8-10-2006_
Date

GARY L. LANCASTER

Reviewed by:

_____
Counsel for Respondent Lancaster

Accepted by NASD:

Date: _6-5-06_

Signed on behalf of the Director of ODA,
by delegated authority

James M. Stephens, Regional Counsel

NASD District Director

Thomas D. Clough
120 West 12th Street, Suite 800
Kansas City, MO 64105
(816) 802-4700

## INDEX OF INITIALS

| | |
|---|---|
| A.A. | Axina Adlerbert |
| B.A. | Barbara Allen |
| T.B. | Tom Bartlett |
| B.B. | Bert Baumer |
| M.B. | Max Baumgartner |
| R.B. | Robert Bramson |
| C.C. | Christopher Charters |
| J.C. | Joseph Couture |
| L.D. | Louis Dina |
| T.F. | Thomas Ferrara |
| B.G. | Brian Gallagher |
| I.G. | Irene Gaydos |
| L.&P.G. | Lonnie and Patricia Gibson |
| M.&M.G. | Mark and Meryl Goodman |
| S.H. | Sara Hanan |
| B.H. | Bill Hatfield |
| S.H | Stephen Hoegler |
| J&C.K. | John and Carolyn Kleja |
| D.K | David Klink |
| S.K. | Sandra Knight |
| R.L. | Ron Logar |
| R.M. | Robert Merkel |
| L.M. | Larry Miracle |
| C.P. | Claire Pals |
| H.P. | Harold Pals |
| D.P. | Dilip Patel |
| A.&R.P. | Alvin and Rauna Perry |
| J.P. | Jeffrey Pracht |
| N.&C.P. | Norman and Charlene Prins |
| M.&L.R. | Mark and Leslie Rahner |
| L.R. | Leslie Rahner |
| M.Ra. | Mark Rahner |
| M.Ro. | Marc Robertson |
| T.R. | Thomas Robertson |
| C.S. | Catherine Scott |
| M.S. | Mark Shaw |
| R.S. | Richard Staudt |
| D.S. | Dean Steinke |
| J.T. | Julie Tolman |
| F.T. | Frank Torchia |
| D.V. | Dorothy Van Sickle |
| J.&D.V. | John and Dorothy Venrick |
| B.W. | Betty Wallace |
| S.W. | Scott Walls |
| P.W. | Peter Weiss |