# Exhibit 1

**NASD Dispute Resolution**
www.nasd.com

Midwest Region
55 West Monroe Street • Suite 2600 • Chicago, IL • 60603 • 312-899-4440 • Fax 312-236-9239



March 23, 2007

COPY -- SEE RECIPIENT LIST

Subject:   NASD Dispute Resolution Case Number 07-00936
           Marc E. Robertson v. The O.N. Equity Sales Company

Dear Ms. Turner, President:

NASD Dispute Resolution provides a forum for the resolution of disputes involving public investors and broker-dealers, and members of the American Stock Exchange ("AMEX"), International Stock Exchange ("ISE"), Nasdaq Liffe Markets ("NqLX"), and Philadelphia Stock Exchange ("PHLX"), and Municipal Securities Rulemaking Board ("MSRB") registrants and/or their associated persons. This office administers that forum according to the procedures set forth in the NASD Code of Arbitration Procedure ("Code"). The most up to date version of the Code can be accessed or downloaded from our Web site at http://www.nasd.com. On the NASD Dispute Resolution Web site, you will also find important instructions concerning filing your answer or other claims (The NASD Dispute Resolution Party's Reference Guide). If you do not have access to the Internet, you may call our office to request a copy of these documents.

### Filing a Statement of Answer

Since you have been named as a party in this arbitration, enclosed is a copy of the Statement of Claim. You are required by the rules of NASD Dispute Resolution to arbitrate this dispute.

Your Statement of Answer must specify all relevant facts and available defenses to the Statement of Claims (See Rule 10314(b) of the Code). In addition, your Answer may include any related claim(s) that you may have against the Claimant or any other party subject to arbitration under the Code. If you assert any of these claims please refer to the Schedule of Fees in Rule 10332 of the Code for the related filing fee. If you assert a claim, it should be submitted with the fee in the attached envelope.

Pursuant to Rule 10314(b) of the Code, you are required on or before May 14, 2007, to send to the Claimant and all other parties, a signed Uniform Submission Agreement (form enclosed) and your Answer. Claimant or Claimant's counsel's address is provided at the end of this service letter.

The Code also requires that you send to the Director of Arbitration: (a) the original and three copies of the Uniform Submission Agreement, properly signed and dated by you; (b) the original and three copies of your Answer; and (c) four copies of any document(s) referred to in your Answer. When sending copies of your Answer to the Director of Arbitration, please indicate that you have properly served your Answer on all parties. If you need an extension of time to file your Statement of Answer, you must contact the Claimant directly and request one. If Claimant agrees to extend your time to file your Answer, please notify NASD in writing of the new deadline for filing your Answer. You should also send a copy of that notice to the Claimant and all other parties.

If your Answer is not served upon all parties, a motion to preclude your Answer may be made pursuant to Rule 10314(b)(2) of the Code. In addition, failure to provide NASD Dispute Resolution with copies of your Answer as described above will preclude it from inclusion in the package of pleadings provided to the arbitrator(s).

### Hearing Location

If an arbitration involves a public customer, NASD Dispute Resolution will generally select a hearing location closest to the customer's residence at the time the dispute arose.

In disputes between AMEX, ISE, NASD, NqLX, or PHLX member firms, or MSRB Registrants and associated persons, NASD Dispute Resolution will select the hearing location that is closest to the location where the associated person was employed at the time the dispute arose.

In industry disputes involving only member firms and/or MSRB Registrants unless the firms are in the same locale or the parties agree to a specific hearing location, NASD Dispute Resolution will consider the following factors when deciding the hearing location:

    1)      Which party initiated the transactional issue;
    2)      The location of witnesses and documents; and
    3)      The relative hardship for travel of a party to a specific location.

The **ANTICIPATED** hearing location of this case is: Seattle, Washington. This preliminary decision was made, pursuant to Rule 10315 of the Code, by me, acting on behalf of the Director of Arbitration, in accordance with Rule 10103 of the Code. A final decision regarding the initial hearing location will be rendered before the Panel is being appointed. In addition, Rule 10315 of the Code authorizes the presiding Panel to determine the time and place of all subsequent hearing(s).

If the anticipated initial hearing location listed above is **UNKNOWN**, NASD Dispute Resolution is requesting recommendations from all parties for the hearing location based on the above applicable guidelines.

### Other Information

If, after reading the Code and the "NASD Dispute Resolution Party's Reference Guide" booklet, you still have questions regarding NASD Dispute Resolution arbitration, please contact us. When contacting me, please refer to the number assigned to this case, which is 07-00936. NASD Dispute Resolution encourages the parties to communicate among themselves to resolve issues that do not require NASD Dispute Resolution intervention.

Pursuant to Article V, Section 2(c) of the NASD By-Laws, if you are a registered representative with the NASD, you are required to keep your registration application current. You are therefore, advised to review the Form U-4 to determine if disclosure of this matter is required. If so, your failure to update your registration application may result in the filing of a formal complaint based on any omission. Any questions regarding this disclosure requirement should be directed to the NASD Member Services Phone Center (301) 590-6500.

### Motions

If a party files a motion before the initial pre-hearing conference that requires a panel's consideration, NASD Dispute Resolution will not solicit a response to the motion. However, the opposing party may

expedite the process by filing a response to the motion. If the opposing party files a response at least ten days before the initial pre-hearing conference, the staff will have sufficient time to transmit the motion to the panel before the conference. If NASD Dispute Resolution does not receive a response to the motion at least ten days before the conference, we may not be able to transmit the motion to the panel before the conference. In this case, the moving party may raise the issue with the panel at the conference and ask the panel to establish a schedule for responding to the motion, as appropriate. We will advise the parties of the date of the conference in a later communication.

Very truly yours,



Terri Thomas
Legal Assistant
312-899-4440  Fax: 301-527-4858


TT:TT:LC39E
idr:11/06
Enclosure
CC:
    Joel A. Goodman, Esq., Marc E. Robertson
    Goodman & Nekvasil, P.A., 14020 Roosevelt Blvd., Suite 808, Clearwater,
    FL  33762

RECIPIENTS:
    Barbara A. Turner, President, The O.N. Equity Sales Company
    The O.N. Equity Sales Company, P.O. Box 371, Cincinnati, OH  45201-0371