# Exhibit 3

**NASD MANUAL
PROCEDURAL RULES
10000. CODE OF ARBITRATION PROCEDURE**
10300. UNIFORM CODE OF ARBITRATION

Copyright © 2007, National Association of

Securities Dealers, Inc.  All Rights Reserved.


10301. Required Submission

  (a) Any dispute, claim, or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of s Bh associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer. A claim involving a member in the following categories shall be ineligible for submission to arbitration under the Code unless the customer agrees in writing to arbitrate the claim after it has arisen:

    (1) A member whose membership is terminated, suspended, canceled, or revoked;

    (2) A member that has been expelled from the NASD; or

    (3) A member that is otherwise defunct.

  (b) Under this Code, the Director of Arbitration, upon approval of the Executive Committee of the National Arbitration and Mediation Committee, or the National Arbitration and Mediation Committee, shall have the right to decline the use of its arbitration facilities in any dispute, claim, or controversy, where, having due regard for the purposes of the Association and the intent of this Code, such dispute, claim, or controversy is not a proper subject matter for arbitration.

  (c) Claims which arise out of transactions in a readily identifiable market may, with the consent of the Claimant, be referred to the arbitration forum for that market by the Association.

(d) Class Action Claims

   (1) A claim submitted as a class action shall not be eligible for arbitration under this Code at the Association.

   (2) Any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in federal or state court, or ordered by a court to an arbitral forum not sponsored by a self-

regulatory organization for classwide arbitration. However, such claims shall be eligible for arbitration in accordance with paragraph (a) or pursuant to the parties' contractual agreement, if any, if a claimant demonstrates that it has elected not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators in accordance with Rule 10302 or Rule 10308, as applicable. Either party may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes. Any such petition to the court must be filed within ten business days of receipt of notice that the Director of Arbitration is referring the dispute to a panel of arbitrators.

(3) No member or associated person shall seek to enforce any agreement to arbitrate against a customer, other member or person associated with a member who has initiated in court a putative class action or is a member of a putative or certified class with respect to any claims encompassed by the class action unless and until: (A) the class certification is denied; (B) the class is decertified; (C) the customer, other member or person associated with a member is excluded from the class by the court; or (D) the customer, other member or person associated with a member elects not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

(4) No member or associated person shall be deemed to have waived any of its rights under this Code or under any agreement to arbitrate to which it is party except to the extent stated in this paragraph.

[Amended by SR-NASD-91-49 eff. Jan. 2, 1992; amended by SR-NASD-92-28 eff. Oct. 28, 1992; amended by SR-NASD-93-65 eff. Apr. 20, 1994; amended by SR-NASD-98-48 eff. Nov. 17, 1998; amended by SR-NASD-2001-08 eff. June 11, 2001.]

Selected Notices to Members: 84-51, 92-65, 01-29.

Manual Rule 10301

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.