ZEIGER, TIGGES & LITTLE LLP
Marion H. Little, Jr. (0042679)
Michael R. Reed, Esq. (0063995)
3500 Huntington Center
41 South High Street
Columbus, OH 43215
Telephone: (614) 365-990
Facsimile: (614) 365-7900
Email: little@litohio.com

SQUIRE, SANDERS & DEMPSEY L.L.P.
Joseph A. Meckes (State Bar No. 190279)
Daniel T. Balmat (State Bar No. 230504)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
Email: **jmeckes@ssd.com**
Email: **dbalmat@ssd.com**

Attorneys for Plaintiff
THE O.N. EQUITY SALES COMPANY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| THE O.N. EQUITY SALES COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL MARIA CUI,<br><br>Defendant. | Case No. 3:07-cv-02844-JSW<br><br>The Honorable Jeffrey S. White<br><br>**(Filed via ECF/PACER)**<br><br>**Rule 56(f) Affidavit of Michael Reed** |

1

# RULE 56(f) AFFIDAVIT OF MICHAEL R. REED

State of Ohio

County of Franklin ss.

Michael R. Reed, first being duly sworn according to law, deposes and states that he has personal knowledge of matters set forth herein except as specifically noted otherwise, and further states as follows:

1. I am one of the attorneys of record for Plaintiff The O.N. Equity Sales Company ("Plaintiff" or "ONESCO") in this case, and in 15 NASD arbitration actions brought against it by claimants who are all represented by Defendant's counsel in this case.

2. I am submitting this Rule 56(f) Affidavit in support of Plaintiff's Request for Denial or Deferral of Summary Disposition of Defendant's Motion to Compel Pursuant to Civil Rule 56(f).

A. **ONESCO's Discovery Efforts.**

3. ONESCO seeks discovery from Defendant (as well as certain third parties) as part of this action, in which ONESCO seeks preliminary and permanent injunctive relief enjoining Defendant from proceeding with his NASD action filed against ONESCO, and a declaration that Defendant's claims against ONESCO are not arbitrable pursuant to NASD rules.

4. Defendant has filed a Motion to Compel Arbitration in which he asserts that new factual contentions, not mentioned in his NASD statement of claim, compel the Court to grant his motion, without need for a hearing or discovery relevant to the question of arbitrability. [Docket No. 49] In short, Defendant asks the Court to treat his Motion to Compel Arbitration as a *de facto* motion for summary judgment, and to construe his unilateral factual assertions in favor of the moving party, contrary to the mandate of Civil Rule 56.

5. In his NASD Statement of Claim, Defendant contends that Gary Lancaster, an investment representative who was associated with ONESCO only from March 23, 2004 to January 3, 2005, sold him securities in a private placement known as the Lancorp Financial Fund Business Trust ("Lancorp Fund") through material misrepresentations and omissions.

As the case law discussed in ONESCO's Motion for Preliminary Injunction [Docket No. 30] makes clear, the question of arbitrability, with respect to such claims, hinges on the Court's determination of the occurrence and timing of events giving rise to Defendant's claims. This determination involves inherently factual issues.

6. As Rule 56(f) makes clear, this Court should not decide the question of arbitrability on the basis of Defendant's unilateral factual submissions. Defendant's submissions raise numerous questions of fact, the answers to which are critical to the Court's determination of arbitrability—the only issue presented in this case, and an issue that requires the Court to determine the occurrence and timing of events giving rise to Defendant's NASD claims.

**B.  Necessity For And Relevancy Of Discovery With Respect To Defendant's Motion To Compel Arbitration.**

7. There are a number of factual questions raised by Defendant's motion that must be answered before the Court can determine the arbitrability of Defendant's NASD claims. ONESCO seeks discovery with respect to these material questions, so that it can properly respond to Defendant's *de facto* request for summary judgment.

8. First, discovery is necessary to answer the question of who actually sold the subject securities to Defendant. Defendant's Subscription Agreement, at page SB-11, indicates that it was a Bob Reese who actually introduced him to the Lancorp Fund. Other than his conclusory assertions, Defendant has offered nothing to suggest that Lancaster, as opposed to someone not affiliated with ONESCO, actually sold him the investments in question. If, in fact, someone other than Lancaster sold Defendant the Lancorp Fund investment, then certainly ONESCO could not be required to arbitrate any claims based on such sales (and, particularly, the misrepresentations or omissions that induced them). ONESCO seeks discovery, including depositions of Defendant, Lancaster, and Reese, to determine whether it was actually Lancaster, or someone else, who sold the subject securities—a critical question with respect to arbitrability under NASD rules. ONESCO

believes that such discovery will reveal that it was Reese (or someone else), as opposed to Lancaster, who actually induced and/or sold Defendant's investment.

9. ONESCO also seeks discovery on the question of what misrepresentations or omissions actually induced Defendant's investment decisions at issue. As discussed more fully in ONESCO's Reply/Memorandum in Opposition, Defendant now asserts, on the basis of affidavits from Lancaster, that events not mentioned in his NASD statement of claim (including a purported April 2004 "change" in promised insurance coverage) actually form the basis for his claims. Defendant does not offer an affidavit, himself, as to his new factual contentions and, specifically, as to the materiality of any alleged subsequent misrepresentations or omissions. Instead, he offers and vouches for the statements of Lancaster, a person Defendant accuses of committing fraud and attempts to characterize as dishonest.

10. Factual questions for which discovery is necessary include the materiality of any subsequent misrepresentations or omissions, including the materiality of the purported April 2004 "change" to Defendant. Other questions that must be answered include whether any subsequent misrepresentations or omissions were in any way material *to Defendant*.

11. In addition, there are significant factual questions presented by Defendant's unilateral reliance on Lancaster's affidavits, without providing ONESCO an opportunity to cross examine him. Lancaster's credibility is in serious question. Specifically, Lancaster offers his opinions as to the import of Defendant's irrevocable Subscription Agreement and he asserts that he expressly informed ONESCO in writing of his involvement with the Lancorp Fund. The latter statement *directly contradicts* his stipulation with the NASD in the NASD's Letter of Acceptance, Waiver and Consent with Lancaster, which states that "Lancaster failed to provide written notice of his participation in these securities transactions to O.N. Equity."

12. ONESCO seeks discovery (again, including depositions of Defendant and Lancaster) with respect to these inherently factual questions, including the question of Lancaster's credibility, which are critical to the Court's resolution of arbitrability—the only issue presented by Defendant's motion. ONESCO believes that such discovery will reveal

4

that any subsequent events were premised on the same alleged misrepresentations or omissions that induced Defendant's July 30, 2003, Subscription Agreement.

13. ONESCO further seeks discovery on the question of who actually made the misrepresentations or omissions at issue. Defendant stated in his Subscription Agreement that Bob Reese, and not Lancaster, referred him to the Lancorp Fund. Lancaster testified in another case that he personally solicited none of the Lancorp Fund investors. He also told the NASD, in a letter, that the Lancorp Fund, itself, did not solicit any investors. [See Larson letter, Exh. A.] If Lancaster did not make the misrepresentations at issue, then ONESCO could not be forced to arbitrate claims arising therefrom. Defendant, however, asserts that Lancaster made the misrepresentations in question. Obviously, this is an inherently factual dispute—one that cannot be resolved on the unilateral submissions of Defendant. ONESCO seeks discovery on this issue, including depositions of Defendant, Lancaster, and Reese. Again, ONESCO believes that such discovery will reveal that it was Reese (or someone else), and not Lancaster, who actually made the misrepresentations or omissions in question.

14. The need for such discovery is made even clearer by certain documents produced by other claimants in other NASD actions related to Lancorp Fund. Although Defendant, to date, has produced only limited documents to ONESCO as part of his NASD action, other claimants in other actions have produced documents indicating that their Lancorp Fund investments were solicited and facilitated by individuals other than Lancaster. [See sample document, Exh. B.] In addition, such documents reveal that at least some Lancorp Fund investors may have, themselves, established direct relationships with Megafund, the purported fraudulent Ponzi scheme in which Lancorp Fund invested. [See Megafund documents, Exh. C.] ONESCO believes that discovery in this case will reveal that Defendant, too, was solicited by and dealt primarily with third parties with respect to his Lancorp Fund investment. Clearly, such information would serve to refute his claims of clear arbitrability.

15. Finally, ONESCO seeks discovery relevant to the question of timing with respect to the misrepresentations and omissions alleged by Defendant. Defendant offers

unilateral factual submissions, which attempt to identify events subsequent to his execution of the July 30, 2003 Subscription Agreement as providing the basis for his claims (even though he did not mention such events in his NASD Statement of Claim). These unilateral submissions merely beg the ultimate question of when such misrepresentations or omissions occurred.

16. Defendant's unilateral "facts" simply do not answer the questions of when the relevant material misrepresentations or omissions occurred, and whether these alleged subsequent events were based on the same alleged misrepresentations or omissions that induced his original Subscription Agreement. ONESCO believes that discovery, including depositions of Defendant and Lancaster will reveal that, contrary to Defendant's after-the-fact assertions, the factual predicate for Defendant's NASD claims occurred before Lancaster's association with ONESCO.

C. **SCHEDULING**

17. Because of the limited nature of the issue presented in this case, ONESCO believes that it can complete the necessary discovery, highlighted herein, in four to six weeks. Such discovery will include depositions of and/or document requests to Defendant, Lancaster, and Robert Reese. ONESCO submits that following this necessary discovery, the Court should
schedule an evidentiary hearing to properly consider ONESCO's and Defendant's competing motions on the issue of arbitrability.

D. **ADDITIONAL ATTACHMENTS**

18. Attached as Exhibits D - J are true and accurate copies of the additional unpublished decisions ONESCO cited in its Reply in Support of Motion for Preliminary Injunction/Memorandum in Opposition to Defendant's Motion to Compel Arbitration.

19. If the Court orders formal discovery in this case, ONESCO intends to subpoena witnesses who will be able to authenticate all of the documents cited herein.

Further affiant sayeth naught.

_____
Michael R. Reed

Sworn to and subscribed before me this 12th day of December, 2007.

_____
Notary Public

414-011:182257

TERRI L. THOMPSON
Notary Public, State of Ohio
My commission expires 08/24/2009