## JOINT VENTURE ASSET MANAGEMENT AGREEMENT

This document is a Joint Venture Asset Management Agreement, referred to below as "JVAM," and is entered into by MEGAFUND, INC. ("MEGAFUND") a Texas Corporation domiciled in Addison, Texas, and the Client named below. MEGAFUND and the Client may be referred to as the "Parties" throughout this Agreement. MEGAFUND is also referred to as an "Affiliate" from time to time, and MEGAFUND or any of its affiliates will act as the Agent for this JVAM.

The parties have willingly entered into this Agreement for the purposes described below and the parties irrevocably agree between themselves as follows:

MEGAFUND warrants that it has an association and relationship with a Trader to facilitate client's funds into Tri-Party Repurchase Agreement transactions ("Tri-Party Repo") as well as other types of investments mentioned below.

The Client also does hereby assign its full authority in respect to the JVAM, and authorizes MEGAFUND to engage the Trader to trade unilaterally with discretion to buy and sell stocks, bonds, securities and derivatives of such on margin or otherwise either in relation to or with no relation to Tri-Party Repurchase Agreements.

Any and all future agreements in respect to the Tri-Party Repo program or any future trading program brought forward or developed by the trader and his associates shall be disclosed and confirmed by MEGAFUND.

Client understands that MEGAFUND seeks to place investment capital in Tri-Party Repo transactions and other sophisticated investments with the intent of making profit. Client understands that subject to the terms and conditions of this JVAM, MEGAFUND, through an affiliate, intends to hold the client's funds in a sole signatory account, at major U.S. Brokerage firms that are registered with the NASD, the SEC, the Chicago Board of Trade and the Chicago Mercantile Exchange and various other exchanges within and without the United States. Funds in said account will be under the control of MEGAFUND or an Affiliate. The Trader will only have a "Trading Authorization" to "SCREEN" this account, but cannot, in any event, access the funds therein. The client may require that MEGAFUND return the Funds to the client on 30 days prior written notice, (subject to early termination penalties noted below).

Parties agree that no investment is risk free. However, because MEGAFUND's affiliate holds an insurance policy that insures the safety of the principal investment at all times, Client is assured that his capital investment is never at risk.

The Client and MEGAFUND wish to enter into this JVAM whereby Client does engage MEGAFUND, to contract with the Trader in a formal Agreement for the purpose of trading in the type of investments mentioned above and that Client has requested that MEGAFUND act as the Agent with the Trader for these stated purposes.

12/8/04                                    1                    Client Initials _____

Benyo NASD 211

EXHIBIT

C

The Trader has in place business mechanisms, which includes the necessary knowledge, experience, expertise and contacts to execute each purchase and sale transaction; and,
The undersigned Client confirms that he/she has available funds that are clean, unencumbered, cleared, and legally earned, or inherited funds, which are of a non-criminal origin and are owned, or controlled by the client. Client understands that a portion of MEGAFUND'S share of the profits will be used for humanitarian purposes; and client agrees to allow his/her investment to remain on deposit for a period of time that will run concurrent with the contract that MEGAFUND has entered into with the Trader. MEGAFUND, in its sole discretion may instruct the Trader to move the funds to any number of these opportunities in order to obtain the profits which the parties desire, and

Client agrees to deposit, in the form of a bank wire transfer, before the $10^{st}$ day of the month, the minimum sum of **$10,000 USD** in an account of MEGAFUND'S choosing for the purpose of investing those funds in Tri-Party Repo's of the Trader's sole choosing. Any additional funds Client desires to add to his/her account must also be in increments of **$10,000 USD.** Profits will be disbursed to Client when MEGAFUND, physically receives profits deposited in its account, and,

Client agrees NOT to hold MEGAFUND or it's Affiliate responsible for the default or delay by the Trader, failure of any banking institution, brokerage firm, or national currency involved in any Tri-Party Repo, or other investment of any nature, or the late disbursement there from; and

MEGAFUND shall have full authority to manage and direct the JVAM activities with the Trader, for the benefit of the parties. Client will provide MEGAFUND with a Limited Power of Attorney and any additional documents which MEGAFUND may require in its sole discretion, in order to carry out the duties and obligations required in this JVAM; and

Client understands that this program is by invitation only after MEGAFUND has determined that Client is qualified to enter this JVAM. Once qualified, Client agrees to make his/her own independent decision to participate of his/her own volition. MEGAFUND'S acceptance or denial of this transaction will come only after all documentation has met the necessary requirements in MEGAFUND'S sole discretion; and

**Client agrees that this Agreement and these transactions shall be kept strictly confidential and shall not be discussed with any third party whatsoever, for any reason.** Any breach of this covenant of confidentiality will be considered a breach of this Agreement and will cause all existing and any future JVAM opportunities with MEGAFUND to be permanently and irrevocably closed to the Client. **The penalty for any breach of this covenant of confidentiality will be the loss of any and all profits that Client has received;** and

Client agrees that this Agreement has been entered into for, (1) humanitarian purposes of

12/8/04                                   2                    Client Initials _____

MEGAFUND; (2) for purposes of profit as well as that of Client's beneficiary, legal representatives, successors and assigns and Client's insolvency, change of ownership or management, or dissolution will NOT terminate this agreement nor affect the powers of MEGAFUND hereunder, but your estate, heirs, successors and assignees will remain vested to the benefits you would have received.

Accordingly, the Client and MEGAFUND, in consideration of the mutual promises, undertakings, covenants and conditions expressed herein, the sufficiency and receipt of which being hereby mutually acknowledged and agreed to by the parties to be adequate, hereby enter this Agreement for the express purpose set forth herein and the parties represent, warrant and irrevocably agree as follows:

## 1. TERMS

**This Agreement is valid for a period of twelve (12) months.** If, prior to the expiration of that Agreement, you request a full or partial refund of any amount of your principal, you will be considered to have violated this Agreement as an early termination. MEGAFUND anticipates that such refund would be made not earlier than 30 days following receipt of your written notice. **The penalty for early termination of this covenant will be the loss of any and all profits which you have received.**

This Agreement shall remain in full force and effect until the obligations of each party have been totally fulfilled, including but not limited to, any mutually agreed upon extension(s) of time for this Agreement and shall be binding upon the parties, their heirs, successors, assigns, principals, attorneys, agents and employees.

## 2. PROCEDURE

Client has deposited good, clean, unencumbered funds of a non criminal origin, in the amount of $ 15,000.00 USD to an account under the control of MEGAFUND or its Affiliate.

## 3. PROFITS

Profits will be paid in a timely manner, and Client will receive one payout every 30 day period on or about the 20th of each month, as and when funds are deposited in MEGAFUND'S account at the following projected (but not guaranteed) rate of **10% per month.**

## DISCLAIMER

Client acknowledges that MEGAFUND is not, nor has it claimed to be an Investment Advisor, a licensed brokerage firm with the NASD or SEC, legal or accountancy expert or advisor, and client further acknowledges that he/she has been encouraged to obtain independent counsel in relation to the JVAM, and that the client has been allowed adequate time to review and consult with such experts and advisors as he/she may deem appropriate. In seeking independent counsel, Client agrees that he/she is not authorized to breach the Non-Disclosure Agreement other than that of a duly licensed attorney.

12/8/04                          3                    Client Initials _____

**Benyo NASD 213**

No warranties or guarantees of performance are given or implied. All funds are deposited on a best efforts basis and will be treated accordingly. The final time period in which to obtain results may require additional time, to achieve the desired results.

### 4. CONDITIONS FOR CLOSING

Client must complete ALL required paperwork, deposit good clean funds in an account of MEGAFUND'S choosing according to the terms of this Agreement, and provide MEGAFUND with a Limited Power of Attorney so that MEGAFUND can carry out the contractual responsibilities as they relate to this Agreement. Client agrees to hold MEGAFUND harmless from any other liability, absent fraud, breach of Contractual duty or similar intentional actions of MEGAFUND or its agents. MEGAFUND shall not be liable for any acts of negligence on the part of the Trader, regardless of the level of severity.

### 5. MODIFICATIONS

In order to be an integral part of this Agreement, any modifications to this Agreement can only be made in writing in the form of a written "Confirmation" signed by an officer of MEGAFUND, and transmitted electronically, or by any means available to MEGAFUND. Should confirmation be e-mailed, it will be to Client's last known e-mail address. It is the client's responsibility to keep MEGAFUND informed of his/her current e-mail address.

### 6. SEVERABILITY

If any terms or provisions of this Agreement shall be determined to be illegal or unenforceable, all other terms and provisions hereof shall, nevertheless, remain in full force and effect and survive for all purposes. The terms of this Agreement shall be liberally construed to determine that any issue of legality shall be favorably interpreted to MEGAFUND'S benefit, to the maximum extent possible.

### 7. NON-CIRCUMVENTION AND NON-DISCLOSURE

Parties agree to respect each other's proprietary interest and agree to abide by the existing standards concerning non-circumvention and non-disclosure rules. In the absence of any such standards or rules, this provision shall be liberally construed to provide the maximum protection to MEGAFUND to allow it to terminate this Agreement upon Client's breach of this provision. **The penalty for any breach of this covenant will be the loss of any and all profits which Client has received.**

### 8. TAXES AND INSTITUTIONAL COSTS

The parties hereby agree to be responsible for their own taxes and expenses that may become due or payable in regard to this transaction. Parties are encouraged to file all lawful tax returns, and pay all lawful taxes that are lawfully required in a timely manner in order to protect the integrity of this transaction, and to promote a peaceful co-existence with all legitimately interested entities. Client's will receive a 1099 form reflecting their earnings.

12/8/04                                          4                        Client Initials

## 9. FORCE AND EFFECT/FORCE MAJEURE

MEGAFUND shall be excused from performing any obligation as a result of any action or situation constituting a force majeure, or any action or inaction on the part of a third party upon which MEGAFUND has relied. This Agreement shall remain in full force and effect until completion of all transactions thereof and shall be binding upon the parties, their heirs, successors, assigns, principals, attorneys, agents and employees.

## 10. UNAUTHORIZED COMMUNICATION

Except with prior written consent, there shall be no unauthorized communication made to MEGAFUND'S respective banks and/or bank officers, nor between the Client and the Trader, and/or with any of MEGAFUND'S proprietary contacts. Any violation will be subject to the issuance of a rescission notice and cancellation by MEGAFUND. Additionally, any breach of this provision by the Client, in the sole discretion of MEGAFUND, will also be cause for rescission and cancellation of this Agreement. **The penalty for any breach of this covenant of confidentiality will be the loss of any and all profits which Client has received.**

## 11. FULL UNDERSTANDING

This Agreement when executed is the full understanding between the parties and supersedes all previous communication, whether verbal or written. All statements and representations are made without intentional omission of any material facts and with full corporate and individual legal responsibility and authority under penalty of perjury.

## 12. EXECUTION OF AGREEMENT

Both parties confirm that each is fully empowered and duly authorized to execute and deliver this Agreement and to be firmly bound by its terms and conditions.

## 13. ACKNOWLEDGMENT

The parties hereby acknowledge that this is a Joint Venture Asset Management Agreement transaction. This Agreement is not an offer to sell any securities or investment programs, but rather a private business transaction between qualified, informed and intelligent parties **who have made a knowing and intelligent decision to proceed following complete and satisfactory disclosures.**

## 14. GOVERNING LAW

This Agreement shall be governed by the laws of the State of Texas, and all disputes will be settled in a Dallas, Texas Forum to be selected by MEGAFUND, in its sole discretion. Client agrees that service of process upon the Secretary of State of Texas, as is permitted under constitutional safeguards for non-residents of Texas, shall constitute adequate and proper service upon the Client in order to invoke jurisdiction for the settlement of any dispute concerning this Agreement, should MEGAFUND be unable to reach you by any other method.

## 15. BREACH OF CONTRACT

ANY violation of this AGREEMENT will be considered a breach of contract, and will be cause for immediate termination, as well as forfeiture of all profits that may have been

12/8/04                                  5                    Client Initials _____

due the Client and unpaid as of the date of the breach. The penalty for any breach of this covenant will be the loss of any and all profits which you have received.

I, THE UNDERSIGNED UNDERSTAND AND AGREE WITH THE TERMS, CONDITIONS, AND PRINCIPLES OF THIS DOCUMENT, AND HAVE NOT BEEN COERCED OR INFLUENCED IN ANY WAY TO ENTER INTO THIS JOINT VENTURE ASSET MANAGEMENT AGREEMENT. I HAVE DONE SO OF MY OWN VOLITION AND WARRANT THAT I CONSIDER MYSELF AN INTELLIGENT AND INFORMED INVESTOR AND HAVE MADE SUCH INQUIRIES AND HAVE RECEIVED SUCH DISCLOSURES AS I DEEM NECESSARY. MY SIGNATURE HERETO ALSO ATTESTS TO THE FACT THAT I HAVE NOT BEEN SOLICITED BY ANYONE OR ANY ENTITY TO ENTER INTO THIS TRANSACTION.

By: _____     Date: _____
    Stanley A. Leitner, President, CEO

CLIENT: _Frances Lynn Benyo_     Date: _Jan. 6, 2005_
        Print Name

_Frances Lynn Benyo_
    Full Legal Signature

12/8/04                    6                    Client Initials _FLB_

Benyo NASD 216



**M E G A F U N D
C O R P O R A T I O N**

January 21, 2005

Frances Benyo
11723 Jaycreek Drive
Houston, TX 77070

Dear Frances,

I very much appreciate your participation in the Megafund Joint Venture Program.

As a point of information, effective immediately all new agreements and funds must be delivered to Megafund on or before the 5th day of the month in order to qualify for the first dividend on the 20th day of the following month. The second and all subsequent dividends will be remitted on the 20th of each month thereafter for the term of the agreement.

If you have any questions or comments please contact me.

Best of physical and fiscal health.

Sincerely,

Stan Leitner
President

Benyo NASD 406