**United States District Court**
For the Northern District of California

1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    THE O. N. EQUITY SALES COMPANY,

10              Plaintiff,                          No. C 07-02844 JSW

11      v.

12   DANIEL MARIA CUI,                          **ORDER GRANTING MOTION TO**
                                                **COMPEL ARBITRATION AND**
13              Defendant.                       **DENYING MOTION FOR**
     _____/   **PRELIMINARY INJUNCTION**
14

15          Now before the Court are the motions to compel arbitration filed by defendant Daniel

16   Maria Cui ("Maria Cui") and for preliminary injunction filed by plaintiff O.N. Equity Sales

17   Company ("ONESCO").  The Court finds that these matters are appropriate for disposition

18   without oral argument and they are hereby deemed submitted.  *See* Civ. L.R. 7-1(b).

19   Accordingly, the hearing set for January 18, 2008 is HEREBY VACATED.  Having considered

20   the parties' pleadings and the relevant legal authority, the Court hereby grants Maria Cui's

21   motion to compel arbitration and denies ONESCO's motion for preliminary injunction as moot.

22                                  **BACKGROUND**

23          This is an action for declaratory and injunctive relief filed by ONESCO against Maria

24   Cui.  ONESCO seeks to enjoin an arbitration Maria Cui filed with the National Association of

25   Securities Dealers ("NASD"), relating to Maria Cui's investment in Lancorp Financial Fund

26   Business Trust ("Lancorp").

27          Gary Lancaster ("Lancaster") was associated with ONESCO between March 23, 2004

28   and January 3, 2005. Maria Cui's claims in arbitration arise from Lancaster's alleged sale of

United States District Court

For the Northern District of California

1  Lancorp and ONESCO's alleged failure to supervise Lancaster while he was associated with

2  ONESCO. (Compl., Ex. C. ("First Amended Statement of Claim").) On March 17, 2003,

3  Lancaster distributed a private placement memorandum ("Private Placement Memorandum")

4  for Lancorp. (Compl., Ex. A.) On July 30, 2003, Maria Cui executed a Subscription

5  Agreement to subscribe to the Private Placement Memorandum. (*Id*., Ex. B.) The  Private

6  Placement Memorandum provided that the amount paid by investors for shares in Lancorp

7  would be deposited into an escrow account and would be held in the escrow account until the

8  closing date. (*Id*., Ex. A.) Although the Private Placement Memorandum provides that

9  investors agreed that they "may not cancel, terminate or revoke [the Subscription Agreement],"

10  it also provides that the Lancorp offering was subject to "withdrawal, cancellation, or

11  modification by [Lancorp] without notice." (*Id*.)

12  After being a registered representative of ONESCO, in April 2004, Lancaster notified

13  Maria Cui that a condition of his investment had changed, specifically, that Lancorp had

14  replaced the insurance component on their proposed investment. Maria Cui was required to

15  either confirm the agreement to invest in Lancorp and acknowledge the change in the

16  investment component, or request withdrawal of his funds. (Lancaster Declaration, attached as

17  Exhibit 3 to Maria Cui's response to ONESCO's Objections to Discovery Order.) In April

18  2004, Maria Cui acknowledged the changes and reconfirmed his desire to invest in Lancorp.

19  (*Id*.)

20  Maria Cui alleges that based on Lancaster's recommendations, he invested $32,000 in

21  Lancorp in April 2004 and another $1,241.96 in April 2005. (Compl., Ex. C at ¶ 39.) Maria

22  Cui further alleges that he invested in Lancorp based on misrepresentations and omissions

23  Lancaster made while he was a registered representative of ONESCO and that ONESCO failed

24  to supervise Lancorp during this time. (Compl, Ex. C. at ¶¶ 7-32.)

25  ONESCO moved to take discovery in this action. Magistrate Judge Maria-Elena James

26  ruled that ONESCO was not permitted to take discovery on the issue of whether arbitration is

27  appropriate. ONESCO objected to Judge James' discovery order. In affirming the discovery

28

United States District Court

For the Northern District of California

1    order, this Court rejected the same arguments ONESCO profers with respect to the present

2    motions.

3         Maria Cui now moves to compel arbitration and ONESCO moves to preliminary enjoin

4    the arbitration.  The Court shall address additional facts as necessary to its analysis in the

5    remainder of this Order.

### ANALYSIS

7         Pursuant to the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid,

8    irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the

9    revocation of any contract."  9 U.S.C. § 2.  Once the Court has determined that an arbitration

10   agreement involves a transaction involving interstate commerce, thereby falling under the FAA,

11   the Court's only role is to determine whether a valid arbitration agreement exists and whether

12   the scope of the parties' dispute falls within that agreement.  9 U.S.C. § 4; *Chiron Corp. v.*

13   *Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

14        The FAA represents the "liberal federal policy favoring arbitration agreements" and

15   "any doubts concerning the scope of arbitrable issues should be resolved in favor of

16   arbitration."  *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25

17   (1983).  Under the FAA, "once [the Court] is satisfied that an agreement for arbitration has been

18   made and has not been honored," and the dispute falls within the scope of that agreement, the

19   Court must order arbitration.  *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395,

20   400 (1967).

21        NASD Rule 10301 acts a written arbitration contract for purposes of the FAA, and

22   ONESCO, as an NASD member, is a party to such contract.  *Se MONY Securities Corp. v.*

23   *Bornstein*, 390 F.3d 1340, 1342 (11th Cir. 2004); *see also Washington Square Securities, Inc. v.*

24   *Aune*, 385 F.3d 432, 435 (4th Cir. 2004) ("The NASD Code consitutes 'an agreement in

25   writing' under the [FAA] which binds [the plaintiff], an NASD member, to submit an eligible

26   dispute to arbitration upon a customer's demand"); O.N. *Equity Sales Co. v. Rahner*, __ F.

27   Supp. 2d __, 2007 WL 4258642, * 2 (D. Colo. Nov. 30, 2007).  Rule 10301 provides: "Any

28   dispute, claim, or controversy eligible for submission ... between a customer and a member

1  and/or associated person arising in connection with the business of such member or in

2  connection with the activities of such associated persons shall be arbitrated, under this Code, as

3  provided by any duly executed and enforceable written agreement or upon the demand of the

4  customer."

5      Courts have applied a two-part test to determine whether the arbitration requirement is

6  triggered under Rule 10301. *O.N. Equity Sales Co. v. Steinke*, 504 F. Supp. 2d 913, 916 (C.D.

7  Cal. 2007). "First, the claim must involve a dispute between either an NASD-member and a

8  customer, or an associated person and a customer. Second, the dispute must arise in connection

9  with the activities of the member or in connection with the business activities of the associated

10  person." *Id.* (citations omitted).

11      In an effort to avoid the application of Rule 10301, ONESCO attempts to narrowly

12  construe Maria Cui's claims and argues that all relevant conduct occurred before Lancaster was

13  associated with ONESCO. ONESCO thus contends that Maria Cui was not a customer and

14  Lancaster was not associated with ONESCO during the relevant time. However, pursuant to the

15  Subscription Agreement and the Private Placement Memorandum, Maria Cui's investment was

16  held in escrow and Lancaster had complete discretion to modify, withdraw or cancel the

17  offering at any time before Lancorp's closing date, on May 14, 2004. While Lancaster was

18  ONESCO's representative, Maria Cui was provided an opportunity confirm his investment or

19  withdraw his funds. Thus, contrary to ONESCO's argument, all the relevant conduct did not

20  occur *before* Lancaster became ONESCO's registered representative. *Steinke*, 504 F. Supp. 2d

21  at 917 (based on the same facts present here, finding there was no sale of securities until the

22  closing date in May 2004) (citing *Cohen v. Stratosphere Corp.*, 115 F.3d 695, 700-01 (9th Cir.

23  1997)). To the extent Lancaster made misrepresentations or omissions before March 23, 2004,

24  Maria Cui contends such information would be pertinent merely as background information.

25      Moreover, ONESCO ignores that Maria Cui contends that ONESCO failed to

26  investigate Lancaster and negligently supervised him during the time Lancaster was a registered

27  representative of ONESCO. (Compl., Ex. C. at ¶¶ 7-32.) According to Maria Cui, if ONESCO

28  had properly supervised Lancaster, it could have prevented Maria Cui from being injured. Such

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1   allegations standing alone are sufficient to demonstrate that Maria Cui's claims fall within Rule

2   10301. *See O.N. Equity Sales Co. v. Theirs*, 2008 WL 110603, *4 n. 5 (D. Ariz. Jan. 10, 2008)

3   (distinguishing authority relied on by ONESCO and rejecting ONESCO's construction of the

4   arbitration claims because the negligent supervision claim arose after Lancaster became an

5   associated person of ONESCO).  The Court thus finds that Maria Cui was a "customer" of

6   Lancaster during the period when Lancaster was an "associated person" of ONESCO and that

7   Maria Cui's claims arose in connection with Lancaster's activities during that time period.

8   Accordingly, Maria Cui is a customer entitled to demand arbitration under Rule 10301.  The

9   Court therefore GRANTS Maria Cui's motion to compel arbitration and denies ONESCO's

10  motion for preliminary injunction and requests for further discovery as MOOT.[1]

## CONCLUSION

12      For the foregoing reasons, the Court GRANTS Maria Cui's motion to compel arbitration

13  and denies ONESCO's motion for preliminary injunction and requests for further discovery as

14  MOOT.  Having fully resolved the issues presented by ONESCO's action, the Court HEREBY

15  DISMISSES the action.

---

19      [1]The Court notes that ONESCO filed actions in different federal courts raising the
20  same issues.  To date, all the courts that have addressed these issues have come to the same
    conclusion. *See O.N. Equity Sales Co. v. Emmertz*, __ F. Supp. 2d __, 2007 WL 4462655
21  (E.D. Pa. Dec. 19, 2007) (granting motion to compel arbitration and denying ONESCO's
    request to take discovery and to enjoin the arbitration); *O.N. Equity Sales Co. v. Rahner*, __
22  F.Supp.2d __, 2007 WL 4258642 (D. Colo. Nov. 30, 2007) (granting motion to compel
    arbitration and denying ONESCO's request to take discovery); *O.N. Equity Sales Co. v.
23  Prins*, __ F.Supp.2d __, 2007 WL 3286406 (D. Minn. Nov. 7, 2007) (granting motion to
    compel arbitration and denying ONESCO's request to take discovery and to enjoin the
24  arbitration); *O.N. Equity Sales Co. v. Gibson*, 514 F. Supp. 2d 857 (S.D.W.Va. 2007) (same);
    *O.N. Equity Sales Co. v. Pals*, 509 F. Supp. 2d 761 (N.D. Iowa 2007) (granting motion to
25  compel arbitration and denying ONESCO's request to take discovery and to enjoin the
    arbitration); *O.N. Equity Sales Co. v. Venrick*, 508 F. Supp. 2d 872 (W.D. Wash. 2007)
26  (same); *O.N. Equity Sales Co. v. Steinke*, 504 F. Supp. 2d 913 (C.D. Cal. 2007) (same); *O.N.
    Equity Sales Co. v. Theirs*, 2008 WL 110603 (D. Ariz. Jan. 10, 2008) (granting motion to
27  compel arbitration and denying ONESCO's request to take discovery and to enjoin the
    arbitration); *O.N. Equity Sales Co. v. Samuels*, 2007 WL 4237013 (M.D. Fla. Nov. 30, 2007)
28  (same); *O.N. Equity Sales Co. v. Wallace*, 2007 WL 4106476 (S.D. Cal. Nov. 15, 2007)
    (same); *O.N. Equity Sales Co. v. Robinson*, 2007 WL 2840477 (E.D. Va. Sept. 27, 2007)
    (same)

**United States District Court**

For the Northern District of California

1      **IT IS SO ORDERED.**

2    Dated:  January 16, 2008

3                               JEFFREY S. WHITE
                                 UNITED STATES DISTRICT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6